Fuld, J.
The defendant, arrested for speeding in the City of Batavia, was charged with driving her automobile at 50 miles an hour in a 30-mile speed zone in violation of the State’s Vehicle and Traffic Law (§ 1180, subd. [b], par. 3). After pleading not guilty, she was tried in the City Court of Batavia. There is no doubt that the defendant had been driving in excess of the speed limit. Indeed, she admitted this but claimed that she was driving from Buffalo to Rochester on Route 33 and believed that she had left the city on the state highway where the speed at which she was proceeding was lawful. At the close of the entire case, the defendant moved to “ dismiss the information ” and for “ acquittal ” as “ a matter of substantial justice ”, upon the ground — as to which there was no dispute — that signs giving notice of the permissible speed limit within the city were posted only where the highway entered and left the city. The trial judge reserved decision and, some time later, [1] ‘ dismissed the information,” stating in essence that the evidence failed to show that any signs were posted within the city.
The People appealed to the Genesee County Court and were met by a motion to dismiss the appeal on the ground that the People had no such right. That court denied the motion; reasoning that the information was dismissed “on a ground *20 other than the insufficiency of the evidence adduced at the trial ”, it concluded that an appeal was authorized by the provisions of subdivision 3 of section 518 of the Code of Criminal Procedure.[1] Subsequently, considering the appeal on the merits, the County Court reversed the trial judge’s order dismissing the information and remanded the case ‘ ‘ for decision on the law and facts ”.
On this appeal, the defendant does not challenge the correctness of the County Court’s ruling that the speed limit signs posted by the city complied with the applicable statutory requirements and provided sufficient notice of the legal limit. The sole point urged is that the People had no right of appeal from the trial judge’s “ dismissal ” and that the County Court was without jurisdiction to entertain the appeal.
It is, of course, settled that the right to appeal in criminal cases is purely statutory. (See, e.g., People v. Gersewitz, 294 N. Y. 163; People v. Reed, 276 N. Y. 5; People v. Zerillo, 200 N. Y. 443.) In the Reed case (276 N. Y. 5, supra), this court, after a careful examination of sections 518 and 519 of the Code of Criminal Procedure as they then read, held that the People could not appeal from an order granting a motion, made at the close of the case, to dismiss the indictment on the ground that it did not sufficiently state a crime, even though a similar ruling made before trial — pursuant to sections 323 and 324 of the code — on a demurrer or after trial — pursuant to section 331 of the code — on a motion in arrest of judgment, would have been appealable. The court recognized that such a result was an anomaly, patently unfair to the People, and to remedy the situation the Legislature, upon the recommendation of the Judicial Council (Fifth Annual Report of N. Y. Judicial Council, 1939, p. 41; Eighth Annual Report of N. Y. Judicial Council, 1942, pp. 62-63), added subdivision 3 to section 518 of the code (L. 1942, ch. 832; see Matter of Kraemer v. County Ct., 6NY 2d 363, 366-367). The new provision authorized the People to appeal “ From an order of the court, made at any stage of the action, setting aside or dismissing the indictment on a ground *21 other than the insufficiency of the evidence adduced at the trial ’ \[2]
This provision obviously does not entitle the People to appeal from an adverse determination, if it is based on the evidence in the case, simply because the trial judge entertained an erroneous notion of the law and believed that additional facts had to be established. Not only a regard for constitutional principles (see Matter of Kraemer v. County Ct., 6 N Y 2d 363, 368, supra) but a consideration of legislative history makes it quite plain that subdivision 3 of section 518 was designed solely to allow the People to appeal from an order, made after the commencement of a trial, which dismissed the indictment upon the ground that the facts stated therein do not constitute a crime or upon one of the other grounds specified in section 323 and section 331 of the code. Indeed, in recommending the amendment to section 518, the Judicial Council stressed the fact that the change would merely permit the People to appeal ‘ ‘ from a dismissal of an indictment granted as a matter of law when the order is made during the trial just as is now permitted when such an order is granted upon a demurrer to the indictment or upon a motion in arrest of judgment.” And, the report continued, “It would not allow an appeal from an order dismissing an indictment for reasons connected with the weight or sufficiency of the evidence.” (Eighth Annual Report of N. Y. Judicial Council, 1942, p. 62; see Matter of Kraemer v. County Ct., 6 N Y 2d 363, 367, supra.)[3]
In other words, the added provision was not designed to, and does not, expand the People’s right to appeal in a case where, after trial, the court concludes that the People failed to prove their case against the defendant, even though that conclusion *22 may have been predicated on an erroneous assumption of law that certain facts which were not shown had to be established. If it appears that the court ended the prosecution in the defendant’s favor because of its belief that the evidence adduced at the trial was insufficient — even though, as we have said, an erroneous assumption or hypothesis underlay that conclusion — the People may not appeal for the simple reason that the “ dismissal ” was not on a ground other than the insufficiency of the evidence.
Turning to the case before ns, it is clear beyond any doubt that the trial judge’s “dismissal” of the information constituted a finding of not guilty, an acquittal of the offense charged. The record demonstrates that he granted the defendant’s motion to dismiss because he believed that the evidence adduced failed to establish guilt. And, although the reason for his conclusion may have been erroneous as a matter of law, that cannot alter the fact that his dismissal was predicated upon the insufficiency of the evidence.[4] It follows, therefore, that the resulting order was not appealable.
The order appealed from should be reversed and the order of the Batavia City Court dismissing the information reinstated.
Chief Judge Desmond and Judges Dye, Van Vookhis, Burke, Foster and Sceleppi concur.
Order of Genesee County Court reversed and that of Batavia City Court reinstated.

. The defendant, seeking an order prohibiting the County Court from taking jurisdiction of the appeal, then commenced an article 78 proceeding which the Appellate Division dismissed with a short memorandum (Matter of Marra v. County Ct., 17 A D 2d 902).

. Although the statute speaks solely in terms of indictments, it, of course, applies equally to informations. (See People v. De Courcy, 8 N Y 2d 192; People v. Levenstein, 309 N. Y. 433.)

. In its earlier Fifth Annual Report (1939), the Council, after pointing out that in People v. Reed (276 N. Y. 5, supra) the motions to dismiss t.he indictment were “ in effect the same as a demurrer or a motion in arrest of judgment ” but had to be treated differently “merely because the statute providing for appeals omits to mention them ”, declared that, unless the law is changed, a defendant would be “ able to preclude appellate review of an order in his favor by making his objections to the sufficiency of the indictment by a motion to dismiss” (p. 41).

. Thus, addressing himself solely to the proof, the trial judge declared that, since “ The evidence * * * established that speed limit signs were posted only at the entrances and exits of the City ”, their absence within the city “ does not meet the standard of reasonableness necessary to give fair notice to this defendant ”.