◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK S. GAROFALO, Respondent.—Appeal from an order of the County Court of Warren County, entered January 31, 1979, which granted a motion by defendant to suppress evidence. Defendant was indicted for grand larceny in the second degree in connection with a scheme to defraud a customer of defendant's produce company by paying off the customer's employee to induce him to accept and approve produce shipments which were less than the billing invoices and orders reflected. As the larceny became apparent, the customer's employee, one William Herbaly, was questioned by a Sheriff's deputy who obtained from Herbaly inculpatory admissions. At the request of this officer, Herbaly agreed to conceal a tape recorder on his person and engage defendant in conversation concerning their joint enterprise. A recorder was provided, and Herbaly, unaccompanied by any police observers, met defendant on October 31, 1977 and made a recording. Three days later the tape was turned over to Deputy Crannell. On October 25, 1978, defendant was indicted for grand larceny in the second degree, and he was arraigned on October 30, 1978, at which time he entered a plea of not guilty, and was released on bail. On December 14, 1978, defendant made an omnibus motion relative to the indictment returnable on January 2, 1979, which included the motion to suppress the tape recording, and, on January 12, 1979, the trial court granted the motion to the extent that the court would hold a hearing thereon prior to or at trial. On January 30, 1979, the trial of the indictment was commenced, and a jury was impaneled. After the jury had been impaneled, the court held a hearing to determine whether the tape recording was admissible in evidence, or whether it should be suppressed. On January 31, 1979, at the opening of court, the trial court ordered the suppression of the tape recording. The District Attorney stated his intent to appeal the decision pursuant to CPL 450.20, and moved that the court declare a mistrial, excuse the jury and adjourn the proceedings pending an appeal. Defendant's attorney refused to consent to an adjournment, and stated his readiness to proceed to trial. Despite defendant's position, the court declared a mistrial and dismissed the jury. Defendant now contends that the order granting the motion for suppression is not appealable. The People base the appeal on the provisions of CPL 450.20 (subd 8). That subdivision authorizes an appeal by the People from an order suppressing evidence entered before trial. A jury trial commences with the selection of the jury (CPL 1.20, subd 11). Here, a full jury was impaneled and sworn prior to the suppression hearing. The right of the People to appeal in a criminal case is found only in statutes, which are to be strictly construed (Matter of State of New York v King, 36 NY2d 59, 63; People v Rossi, 5 NY2d 396, 400). No such jurisdiction can be found under CPL 450.20 (subd 8), since the order suppressing the evidence was made after the jury was sworn, and, therefore, after the pretrial stage of the proceedings. Defendant did not wait until the jury was sworn and then spring a suppression motion, thus forcing a postimpanelment hearing. The motion to suppress was made December 14, 1978, and the court indicated on January 12, 1979 that the hearing would be held at or before trial, but, instead, the hearing was held after the trial had commenced, on January 30, 1979. Defendant further contends that, if the People are not precluded from appealing the order of suppression pursuant to CPL 450.20, under the circumstances here, a retrial of the defendant on the same indictment would subject him to double jeopardy. Not every declaration of a mistrial prevents

a retrial, but only in certain exceptional circumstances does the trial court have discretionary power to discharge a jury, and put the defendant to a new trial. A reason justifying the ordering of a mistrial in a criminal case must be "a necessitous one, actual and substantial" *(Matter of Nolan v Court of Gen. Sessions of County of N. Y.,* 11 NY2d 114, 118). "It is the well-settled rule that where a person is arraigned on a criminal charge, and required to go to trial before a court of competent jurisdiction, unless the trial is terminated by the disagreement of the jury, or their discharge pursuant to law, or by the consent of the accused, or through extreme or absolute necessity, as by illness or death, he has been put in jeopardy and cannot be prosecuted again in the same or another court on the same charge; and the discontinuance of the prosecution is equivalent to a discharge, for the constitutional protection grants the defendant immunity against a second trial." *(People v Golfarb,* 152 App Div 870, 874, affd 213 NY 664.) The reasons for a mistrial stated by the District Attorney do not constitute "necessitous ones, actual and substantial". No condition existed which rendered it physically impossible to proceed with the trial. The fact that certain evidence is ordered suppressed because it was obtained in violation of the defendant's constitutional rights is not such a situation to make it impossible to proceed with the trial. Defendant was in jeopardy and, since the trial was not ended for reason of "manifest necessity" *(Matter of Cardin v Sedita,* 53 AD2d 253), the People are precluded from taking an appeal from an adverse trial ruling where such appeal, if resolved favorably for the People, might require the defendant to stand retrial *(People v Brown,* 40 NY2d 381, cert den 433 US 913). "In any case where a mistrial is declared without the consent of the defendant, he is necessarily 'deprived of his option to go to the first jury and, perhaps, end the dispute then and there with an acquittal' *(United States v Jorn,* 400 US 470, 484). That option attains special importance in such a case as this, where the defendant believed that the jury, for reasons untainted by bias, corruption or chicanery, was 'favorably disposed to his fate' *(United States v Jorn, supra,* at p 486). In these circumstances, we are constrained to conclude that the court improvidently exercised its discretion when it declared a mistrial over the defendant's objection. On this record we find no manifest necessity nor any consideration of public justice sufficient to override this defendant's 'valued right', which he so diligently strove to assert, 'to have his trial completed by a particular tribunal' *(Wade v Hunter,* 336 US 684, 689). The double jeopardy prohibition therefore shields this defendant from a second prosecution for the crime that was the subject of the aborted first trial." *(Matter of Cardin v Sedita,* 53 AD2d 253, 259, *supra.)* We conclude that the order granting the motion is not appealable under CPL 450.20 and that if such order was reversed and a new trial ordered, defendant would be subjected to double jeopardy. Appeal dismissed. Mahoney, P. J., Sweeney, Kane and Staley, Jr., JJ., concur.

Herlihy, J., dissents and votes to reverse in the following memorandum. Herlihy, J. (dissenting). The motion to suppress was made by the defendant and the statute provides that a trial "may not be commenced until determination of the motion" (CPL 710.40, subd 3). The court was in legal error in failing to follow the statute. If the court had found in favor of the People and the defendant had thereafter been convicted, he would have a right to appeal the court's ruling. If the motion had been decided prior to the trial and against the People, there would have been a right to appeal. Thus, the failure of the defendant to insist upon a hearing prior to the opening of the trial and the failure of the court to follow the statute were legal errors and

seriously prejudiced the rights of the People and, under such circumstances, the defendant should not now be allowed to hide behind "double jeopardy". This is particularly so when the determination of the motion in favor of the defendant was error (see *People v Rosenfeld,* 15 AD2d 459, 460, revd on other grounds 11 NY2d 290). It is well-settled law that a party to a conversation has no constitutional complaint if he is surreptitiously overheard or recorded, so long as another party to the conversation, who may well be a police officer, has consented to the invasion (see, e.g., *Lopez v United States,* 373 US 427; *People v Gibson,* 23 NY2d 618, 619, cert den 402 US 951; *People v Goldfeld,* 60 AD2d 1, 9; *People v Phillips,* 55 AD2d 661). What has happened in this case was foreseen in the concurring opinion of former Chief Judge Breitel in *People v Ganci* (27 NY2d 418, 430, cert den 402 US 924). The defendant here, who has the ultimate burden to show that evidence should be suppressed *(People v Baldwin,* 25 NY2d 66, 70), can make no reference to the record where Herbaly admits that he did not voluntarily co-operate, and only suggests that the police had coercive power over Herbaly. The motion was made by the defendant. It should have been heard and determined prior to the trial. The People and the District Attorney should not be foreclosed under such circumstances. The District Attorney at the time of filing a notice of appeal in accordance with the statute also filed a statement in which he stated that the deprivation of the use of the evidence suppressed by the court has rendered the sum of the proof "insufficient as a matter of law and so weak in its entirety that any reasonable possibility of prosecuting said indictment to a conviction has been effectively destroyed". Should double jeopardy attach under such circumstances to the prejudice of the People? I think not. In *People ex rel. Rosebrough v Casey* (251 App Div 867), the court stated: "The plea of former jeopardy is not available with reference to a prior proceeding *inter alia* where the court was not legally constituted or where there was a *failure to comply with a condition precedent or an indispensable preliminary to a valid trial.* At the time the first jury was sworn, the defendant was not accorded his rights when he requested them under section 357, Code of Criminal Procedure, with reference to a two-day adjournment. The prior proceeding, therefore, was not valid so far as the other four indictments were concerned. Compliance with section 357 is a condition precedent to a valid trial. Therefore, it was within the power of the court, since the defendant stood upon his rights under section 357 after the erroneous ruling in reference thereto had been made, to discharge the jury without giving rise to a sound claim of former jeopardy in respect of these four supplementary indictments. *(People ex rel. Meyer v. Warden,* 269 N. Y. 426, 428; *King v. People,* 5 Hun, 297.)" (Emphasis supplied.) (Cf. *People v Citarelli,* 247 App Div 53, 56.) The same reasoning and logic would apply where the People are appellants or, at least, it should apply to the present circumstances. The majority appear to place great emphasis and find dispositive *Matter of Nolan v Court of Gen. Sessions of County of N. Y.* (11 NY2d 114, 118) and *People v Brown* (40 NY2d 381, cert den 433 US 913). Before analyzing these cases, let me first state that there is no precedent identical to the present appeal. The *Nolan* case concerned a stipulation to retry a case before the court without a jury, to which all acquiesced, including the court. Eight months thereafter the court, on its own motion, vacated the stipulation and directed a trial. The Court of Appeals held this to be "double jeopardy". In its opinion it stated *(supra,* p 118): "From all the decisions it appears that a reason justifying the ordering of a mistrial in a criminal cause must be a necessitous one, actual and substantial". Certainly, where an erroneous

court ruling has "destroyed" the People's case, it must be "necessitous" as to the People. It should be further noted that *Nolan* was decided prior to the enactment of the present criminal code which restricts a court from proceeding as provided in CPL 710.40 (subd 3). The *Brown* case is primarily concerned with the interpretation of two United States Supreme Court decisions.* While the majority opinion is a learned dissertation on the question of double jeopardy, I do not believe it is controlling here. Rather, I suggest that the following quotation from Chief Judge .Breitel's dissent should control. He stated (40 NY2d 381, 396, *supra):* "In this case, however, there was not the slightest suggestion by the trial court that any of the People's proof was wanting in weight or credibility but instead the indictment was dismissed before anything had been submitted or considered by the fact finders solely on a *pure question of law.* Since the jury never received the issues of fact there was never any possibility that a determination by the jury in favor of defendant had been made by them. Had the trial court in dismissing the indictment as a matter of law weighed any one or more of the elements of fact in the case, then the double jeopardy clause applied and a retrial would be prohibited. Hence, the rule in the *Jenkins* case is inapplicable, because neither Judge nor jury had passed on any issue of fact." (Emphasis supplied.) In the subsequent case of *People v Key* (45 NY2d 111) the Court of Appeals rejected the mechanical approach of the *Brown* case. It noted in a footnote that the Supreme Court case of *United States v Jenkins* (420 US 358) relied upon in the *Brown* case had been modified and overruled in the cases of *Lee v United States* (432 US 23) and *United States v Scott* (437 US 82). *(People v Key, supra,* p 119, n.) Finally, it was indicated in the *Key* case (p 119) "it appears unnecessary to abandon traditional New York Law in this area." In the case of *Brock v North Carolina* (344 US 424, 429) Mr. Justice Frankfurter phrased the test for jeopardy as follows: "Unless we can say that the trial judge was not justified in the circumstances of this case in concluding that the ground for requesting a mistrial was fair and not oppressive to the accused, we would not be warranted in finding that the State of North Carolina, through its Supreme Court, denied the petitioner due process of law." Application of that test to the present facts and circumstances establishes no unfairness to the defendant since it was *his* pretrial motion that was before the court and the People's right to appeal could not arise until there had been an adverse determination of such motion. As the Supreme Court of the State of New Jersey noted in an opinion by Mr. Justice Francis in the case of *State v Farmer* (48 NJ 145, 175-176): "there is no suggestion that the State acted as it did to foster a mistrial and thus in some way to improve its position. The public was benefited only by being allowed to retain its right to go to trial again without loss of what appears to be its only evidence * * * To equate the mistrial with an acquittal is to vest defendants in cases like this with a veto power over such action by trial judges and to deprive judges of a measure of discretion which has been a traditional and essential component of courtroom control." In the case of *Lee v United States* (432 US 23, *supra)* the court found that the failure of the trial court to render a decision on a defendant's pretrial motion prior to the commencement of the trial did not render a subsequent mistrial or termination of the proceeding based upon such motion any the less a termination of the defendant's request. It was emphasized by Mr. Justice Brennan in a concurring opinion that the trial

---

* *United States v Jenkins,* 420 US 358, overruled in *United States v Scott,* 437 US 82; *United States v Wilson,* 420 US 332.

court had not had any (p 35) "ample opportunity" to consider the motion before trial. However, under New York procedures the Trial Judge is required by statute not to commence the trial before determination of this particular motion and, thus, it would appear that the timing of the motion would not affect the consideration of double jeopardy. This is a fitting case, at least in my opinion, for balancing of the defendant's right to be tried by the initial tribunal against the State's right to convict the guilty, with mistrials followed by retrials being permissible when caused by "manifest necessity". It would be a travesty of justice under the present circumstances to let the defendant walk free. The court's ruling in sustaining the suppression hearing should be reversed, the evidence found admissible and a new trial ordered.