THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS BRUMMEL, Respondent.

First Department, April 14, 1988

**APPEARANCES OF COUNSEL**

*Sherrill R. Spatz* of counsel *(Mark Dwyer* and *Hilary Has-*

*sler* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Eve Kessler* of counsel *(Philip L. Weinstein,* attorney), for respondent.

## OPINION OF THE COURT

KASSAL, J.

The People appeal from an order of the Supreme Court, New York County, entered January 30, 1986, which granted defendant's motion for a trial order of dismissal pursuant to CPL 290.10 (1) after jury deadlock resulted in the declaration of a mistrial. As a threshold issue, this court must address the appealability of the lower court's ruling.

Carlos Brummel was indicted on April 26, 1985, for assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). At the trial, which commenced on January 24, 1986, the People sought to establish that Brummel had intentionally caused physical injury to Police Officer John Behan by means of a dangerous instrument. Officer Behan and civilian eyewitness, Emil Piscani, testified as to a confrontation between the officer and defendant, which took place at 11:45 A.M. on April 17, 1985, in the vicinity of Fifth Avenue between 52nd and 53rd Streets, during which defendant was said to have intentionally struck the officer several times with a metal pipe. Officer Behan received medical treatment for a cut requiring stitches to his left hand and for a broken right hand. Piscani, who had intervened and assisted the officer in subduing defendant, received stitches to one of his wrists.

A third prosecution witness, Officer Anthony Cisco, testified that, upon responding to Behan's radio call for assistance, he observed a bleeding civilian standing over the prone and handcuffed defendant. Nearby stood Officer Behan, who was supporting a bloody left hand with a badly swollen right hand.

At the close of the People's case, defense counsel moved for a trial order of dismissal pursuant to CPL 290.10 (1), on the ground that the evidence was legally insufficient to establish the offenses charged. This motion was denied. Thereafter, the defense case, consisting of defendant's testimony, was presented. Defendant testified that on the date of the incident Officer Behan had approached him as he walked down the street carrying a lampstand he had found and exhorting other pedestrians to demonstrate against apartheid. The officer be-

gan to beat him and was soon joined by another man, who grabbed defendant and forced him to drop the lampstand and other items he carried. Defendant was arrested and taken to a precinct where Behan beat him for six hours, fracturing his arm and causing him to bleed profusely from his ears, nose and mouth.

At the close of the entire case, defense counsel renewed his application for a trial order of dismissal. The court reserved decision pending jury determination, as provided in CPL 290.10 (1) (b). The case then went to the jury, which deliberated for 2½ days without reaching a verdict and a mistrial was declared.

After discharging the jurors, the trial court granted defendant's motion for a trial order of dismissal, stating "Having heard all of the testimony myself I find that evidence in this case was legally insufficient and the motion for a directed verdict or a trial order of dismissal is granted". The People challenge the correctness of this ruling.

The right of the People to appeal in a criminal case is statutorily determined *(Matter of State of New York v King,* 36 NY2d 59, 63), and the statutes conferring such right must be strictly construed. *(People v Garofalo,* 71 AD2d 782, *appeal dismissed* 49 NY2d 879.)* In seeking to meet this jurisdictional requirement in the case at bar, the People invoke CPL 310.60 (1) (a) and (2), which provide for the discharge of a jury and retrial on an indictment when no verdict has been rendered due to jury deadlock; they also rely on CPL 450.20 (2), which, as relevant herein, authorizes the People's appeal when a trial order of dismissal is granted and the indictment dismissed, after the setting aside of a guilty verdict. Neither statute is applicable to the circumstances herein.

First, the provisions of CPL 310.60 (1) (a) and (2) do not address the salient factor present in this case, i.e., that a trial order of dismissal was granted after the mistrial was declared. Examining CPL 450.20 (2), we note that this statute, as amended in 1983, states, in pertinent part:

"An appeal to an intermediate appellate court may be taken as of right by the people from * * *

"An order setting aside a verdict and dismissing an accusatory instrument or a count thereof, entered pursuant to paragraph (b) of subdivision one of section 290.10".

The language of this subdivision expressly addresses circum-

stances in which a *verdict has been rendered* prior to the court's issuance of a trial order of dismissal.

Further, CPL 450.20 (2) specifically incorporates paragraph (b) of CPL 290.10 (1) which, again, applies to postverdict trial orders of dismissal: "1. At the conclusion of the people's case or at the conclusion of all the evidence, the court may \* \* \* upon motion of the defendant, (a) issue a 'trial order of dismissal,' dismissing any count of an indictment upon the ground that the trial evidence is not legally sufficient to establish the offense charged therein or any lesser included offense, or (b) *reserve decision on the motion until after the verdict has been rendered and accepted by the court.*"

Absent a guilty verdict, therefore, CPL 450.20 (2) does not authorize an appeal by the People. Further, the People may not rely upon CPL 450.20 (1), allowing an appeal from orders dismissing an accusatory instrument in circumstances other than those present when a trial order of dismissal has been granted.

In urging that there is statutory authority for the within appeal, the People place heavy reliance upon this court's ruling in *People v Gallo* (75 AD2d 148) decided in June 1980. As here, *Gallo* involved a trial order of dismissal after the jury was deadlocked and unable to reach a verdict and a mistrial was declared. On appeal, this court found that, since the order of dismissal came after the mistrial and discharge of the jury, the dismissal was granted during a pretrial stage, i.e., prior to the second trial and was therefore appealable under CPL 450.20 (2).

At the time that *Gallo (supra)* was decided, however, CPL 290.10 did not permit the trial court to reserve decision on a motion to dismiss until after a verdict. This amendment, which went into effect in 1983, signals that the "pre[second]-trial" rationale of *Gallo* may no longer be employed, since the present procedural mechanism of reserving decision serves to keep the determination within the *first* proceeding. Indeed, the final sentence of CPL 290.10 (1) lends further support to the fact that the reserved decision on the motion to dismiss will ultimately be rendered in the first trial and specifically applies to the circumstances herein: "If the jury is discharged before rendition of a verdict the court shall proceed to determine the motion as set forth in this paragraph."

Thus, the present statutory interplay of CPL 290.10 and CPL 450.20 compel a different determination under the facts

of this case than that which existed when *Gallo (supra)* was heard by this court. Under the current statutory scheme, *Gallo* is no longer the law. For these reasons, we have no jurisdiction to entertain the appeal.

Accordingly, the appeal from the order, Supreme Court, New York County (Carol Arber, J.), entered January 30, 1986, granting defendant's motion for a trial order of dismissal after mistrial due to jury deadlock and dismissing the indictment, should be dismissed as nonappealable.

MURPHY, P. J., SANDLER, CARRO and ASCH, JJ., concur.

Appeal from order of Supreme Court, New York County, entered on January 30, 1986, unanimously dismissed as nonappealable.