THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN AINSWORTH, Indicted as GEORGE ALAN AINSWORTH, Appellant.

First Department, February 9, 1989

APPEARANCES OF COUNSEL

*Deirdre Roney* of counsel *(Mark Dwyer* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

*Arthur H. Hopkirk* of counsel *(Philip L. Weinstein,* attorney), for appellant.

**OPINION OF THE COURT**

WALLACH, J.

Defendant, nearly 80 years old, stands convicted, following his fourth trial, of murder in the second degree and is now serving an indeterminate sentence of from 15 years to life. He does not dispute that sufficient evidence was produced by the People to show that after a series of petty thefts and other provocations committed at their common residence by his former subtenant, Robert Davis, a burly ex-convict 35 years his junior, defendant intentionally caused the latter's death by shooting him four times with a pistol. He now appeals on jurisdictional and double jeopardy grounds.

Defendant was first tried for this crime in 1983 before Justice Alfred H. Kleiman and a jury. At the close of the People's case defendant moved for a trial order of dismissal, which motion he renewed at the close of the entire case. When the jury failed to reach a verdict, the court declared a mistrial and reserved decision on the motion. Two months later the court granted the motion on the ground that there was insufficient evidence to sustain the essential element of the murder charge that defendant intended to cause Davis' death, but granted leave to the People to re-present the lesser included offense of manslaughter in the second degree to the Grand Jury.

The People appealed. We reversed, reinstated the murder count of the indictment, and remanded for trial *(People v Ainsworth,* 106 AD2d 357; hereafter *Ainsworth I).*

Defendant thereupon proceeded to trial before Justice Eve Preminger, which aborted in a mistrial when he suffered a heart attack. A third trial before Justice James J. Leff resulted in a jury deadlock on the murder charge, but a conviction on a weapons charge, for which defendant was sentenced

to a definite period of imprisonment of one year. Although subsequently offered a plea to a lesser included offense that would have disposed of the murder count and would have involved only a sentence of probation, defendant opted for a fourth trial with the dire outcome to him set forth above.

Defendant now urges for the first time that the murder indictment should be dismissed because it was improperly reinstated by us after its dismissal by the Trial Judge in the first trial. His contention is soundly based on applicable law. "The right of review by appeal in criminal matters * * * is determined exclusively by statute" *(Matter of State of New York v King,* 36 NY2d 59, 63), and is to be strictly construed *(People v Rossi,* 5 NY2d 396, 400; *People v Garofalo,* 71 AD2d 782; *appeal dismissed* 49 NY2d 879). The first trial of this case began in June 1983, shortly after amendments to CPL 450.20 (2) and CPL 290.10 became effective on May 31st of the same year. Concerning these amendments, we noted in *People v Brummel* (136 AD2d 322) that a trial court was thereby empowered to reserve decision upon a motion for a trial order of dismissal until after the jury verdict has been rendered and accepted by the court. The effect of these amendments, we held in *Brummel,* was to overrule *People v Gallo* (75 AD2d 148), permitting an appeal by the People from a trial order of dismissal after a deadlocked jury forced a mistrial upon the theory that such order should be viewed as rendered at the commencement stage of the second trial rather than in the course of the first. We further held in *Brummel* that we were without jurisdiction to entertain the People's appeal, and accordingly dismissed it. With a procedural posture in this case similar to that in *Brummel* (trial order of dismissal following a jury deadlock), the *Brummel* ruling must now control the disposition of this case.

The People would have us sidestep the issue by invoking either the doctrine of law of the case, or by finding a waiver of the jurisdictional point by defendant in *Ainsworth I (supra).* These suggestions do not avail to salvage *Ainsworth I.* As the Court of Appeals stated in *People v McDonald* (68 NY2d 1, 14, n 9), "appealability goes to the subject matter jurisdiction of the court" (citing *People v Marra,* 13 NY2d 18, 20, and cases there cited). Thus, *Ainsworth I* lacks a jurisdictional base. Also, the failure of defendant to raise this jurisdictional point on his first appeal cannot constitute a waiver, since subject matter jurisdiction of a court, otherwise absent, cannot be engrafted either by consent or waiver *(Editorial Photocolor*

*Archives v Granger Collection,* 61 NY2d 517, 523; *People v Ahmed,* 66 NY2d 307, 310; *People v Harper,* 37 NY2d 96, 99). And, because our appellate order reinstating the murder count lacked jurisdiction, as a substantive nullity it cannot be regarded as operative for later expansive use *(McConnell v Williams S.S. Co.,* 239 App Div 393, 395). We would note that we are not giving retroactive effect to our 1988 *Brummel* decision *(supra)* in order now to vacate our 1984 decision in *Ainsworth I. Brummel* did not newly formulate a judicially crafted principle; it was, rather, simply declarative of the mandate of the 1983 CPL amendments, *supra.* Consequently, we are now simply giving *prospective* effect to a *statute,* and not *retroactive* effect to a *decision.* For these reasons, cases cited by the People which preclude reconsideration of matter determined on a prior appeal in the course of a second appeal *(e.g., Foley v Roche,* 86 AD2d 887, *lv denied* 56 NY2d 507; *People v Taylor,* 87 AD2d 771, *affd* 57 NY2d 729; *People v Claudio,* 130 AD2d 759, 760; *People v Seminara,* 58 AD2d 841) have no application here.

Defendant also contends that his subsequent trials which followed Justice Kleiman's trial order of dismissal violated his rights under the Double Jeopardy Clause of the US Constitution (5th, 14th Amends) and the parallel provision of the State Constitution (art I, § 6). Determination of this claim is not free from doubt. The United States Supreme Court in *United States v Sanford* (429 US 14) held dismissal of an indictment following a hung jury was appealable by the Government because it could be viewed as a pretrial ruling prior to the second trial, thus permitting the second trial to proceed and creating a Federal analog to *People v Gallo (supra).* Six months later the same court held that when a District Judge, after a hung jury, granted a motion for judgment of acquittal under Federal Rules of Criminal Procedure, rule 29 (c), this constituted an acquittal barring retrial under the Double Jeopardy Clause *(United States v Martin Linen Supply Co.,* 430 US 564). The Court of Appeals in *People v Brown* (40 NY2d 381, *cert denied* 433 US 913) held that the People may not appeal a trial order of dismissal based on insufficient evidence if the appeal, resolved favorably to the People, might require the defendant to be retried. This is so even if the constitutional authority of *People v Brown (supra)* was called into question when *United States v Jenkins* (420 US 358), denying the Government's right of appeal (and which was so heavily relied upon in *Brown),* was expressly overruled by

*United States v Scott* (437 US 82). With the law of double jeopardy in this state of flux, we must rest our conclusion in this case upon statutory lack of appellate jurisdiction. Whether New York's somewhat restrictive approach to the People's right of appeal could undergo legislative enlargement without falling afoul of Federal and State constitutional standards must await another day.

In any event, it is now incumbent upon this court to fashion the appropriate remedy in this case, which is not to order a new trial but to dismiss the indictment with leave to the People to re-present such lesser included offenses, including manslaughter in the first degree, as they may deem appropriate *(People v McDonald,* 68 NY2d 1, 13, *supra; People v Mayo,* 48 NY2d 245, 249).

Accordingly, the judgment of the Supreme Court, New York County (Allen M. Myers, J.), rendered June 16, 1986, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of imprisonment of from 15 years to life, is reversed on the law, the sentence vacated, and the indictment dismissed, with leave to the People to re-present the charge of manslaughter in the first degree to a Grand Jury if they be so advised.

SULLIVAN, J. P., ASCH, MILONAS and ELLERIN, JJ., concur.

Judgment, Supreme Court, New York County, rendered on June 16, 1986, unanimously reversed on the law, the sentence vacated, and the indictment dismissed, with leave to the People to re-present the charge of manslaughter in the first degree to a Grand Jury if they be so advised. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this court's order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.