■ THE PEOPLE OF THE STATE OR NEW YORK, Appellant, v EDWIN RODRIGUEZ, Respondent.—Appeal unanimously dismissed. Memorandum: After defendant was indicted on nine counts of drug-related activity, the court, with the People's agreement, accepted defendant's plea to attempted first degree criminal sale of a controlled substance in exchange for the promise of a sentence of three years to life. The parties and the court mistakenly assumed that first degree attempted criminal sale is an A-II felony. In fact, it is an A-I felony carrying a minimum sentence of 15 years to life. After the mistake was discovered but before sentencing, defendant was permitted to withdraw his plea to attempted first degree criminal sale. Defendant then asserted that he was entitled to specific performance of the plea agreement, i.e., that he was entitled to plead guilty to an A-II felony in exchange for a sentence of three years to life. The People opposed that relief,

arguing that defendant was not entitled to specific performance because he had not changed his position in detrimental reliance on the plea agreement. They also withdrew their plea offer, informing the court that new information concerning defendant's criminal activities prevented them from offering a plea to less than an A-I felony.

The court found that defendant had detrimentally relied on the plea agreement and was entitled to specific performance. Thus, without the People's consent, the court accepted defendant's plea to second degree criminal possession of a controlled substance and sentenced defendant to three years to life. The People now attempt to appeal from that judgment.

An appeal by the People does not lie in these circumstances. The People's authority to appeal to an intermediate appellate court in a criminal case is strictly the product of statute (see, *People v Ainsworth*, 145 AD2d 74, 76, *lv granted* 74 NY2d 660, *appeal withdrawn* 74 NY2d 894; *People v Garofalo*, 71 AD2d 782, *appeal dismissed* 49 NY2d 879, *adhered to on rearg* 75 AD2d 980). That authority is set forth in its entirety in CPL 450.20. Because the conviction and sentence in this case is not an order, judgment, or sentence of the type enumerated in CPL 450.20, the People's appeal must be dismissed for lack of jurisdiction. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.