■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KULVINDER KUMAR and PRAM SINGH, Respondents. [693 NYS2d 156] —Appeal by the People from an order of the Supreme Court, Queens County (Schulman, J.), dated October 30, 1997, which granted those branches of the defendants' respective omnibus motions which were to suppress identification testimony and statements made by each of them to law enforcement officials.

Ordered that the order is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, to hear and determine those branches of the defendants' motions which were to suppress identification testimony and statements made by them to law enforcement officials.

The jurisdictional objection of the defendant Kulvinder Kumar to the People's appeal is unpersuasive, inasmuch as the People's requisite CPL 450.50 (1) notice has been transmitted to our Court. Contrary to the defendant's contention, the manner in which that statement was transmitted adequately complied with CPL 450.20 (8) and neither compromised the validity of the statement nor prejudiced him in any manner (*see, People v Morgan,* 226 AD2d 398; *People v Morales,* 198 AD2d 129).

Turning to the merits, under the circumstances presented herein, the Supreme Court improvidently exercised its discretion when it denied the People's request for an adjournment of the pretrial suppression hearing. The hearing transcript reveals that the assigned Assistant District Attorney had planned to appear at the hearing, but became unavailable due to his need to appear in a different court on another matter. Once the scheduling conflict became known, the District Attorney's office promptly assigned another Assistant District At-

torney to the instant matter, and requested a brief, half-hour adjournment to allow the newly assigned Assistant District Attorney to familiarize himself with the case and prepare his witnesses. This request was reasonable and should have been accommodated.

In light of the foregoing, we decline to reach the People's remaining contentions. Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.