# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**292**

**KA 16-01381**

PRESENT: WHALEN, P.J., CENTRA, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    MEMORANDUM AND ORDER

CHARLES J. TAN, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR APPELLANT.

BRIAN DECAROLIS, ROCHESTER, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Monroe County Court (James J. Piampiano, J.), rendered November 5, 2015.  The order granted defendant's motion for a trial order of dismissal.

It is hereby ORDERED that said appeal is unanimously dismissed.

Memorandum:  The People appeal from an order granting defendant's motion for a trial order of dismissal with respect to the sole charge in the indictment, i.e., murder in the second degree (Penal Law § 125.25 [1]).  County Court had reserved decision on the motion at the conclusion of the People's case and at the conclusion of the evidence.  After the jury deliberated for eight days without reaching a verdict, the People and defendant consented to the jury's discharge, and defendant asserted that he was aware that double jeopardy would not bar a retrial.  The court declared a mistrial and advised that it continued to reserve decision on the motion for a trial order of dismissal.  The court granted the motion at the next court appearance.

The People's appeal must be dismissed because there is no statutory authority for an appeal by the People from an order granting a motion for a trial order of dismissal in these circumstances.  "It is fundamental that in the absence of a statute expressly authorizing a criminal appeal, there is no right to appeal" (*People v Laing*, 79 NY2d 166, 170).  CPL 450.20, the "exclusive route for a People's appeal" (*Laing*, 79 NY2d at 168), does not authorize this appeal.  Contrary to the People's contention, CPL 450.20 (2) does not provide the statutory basis for this appeal, inasmuch as the order they seek to appeal did not set aside a guilty verdict and dismiss the indictment pursuant to CPL 290.10 (1) (b).  Rather, there was no guilty verdict to set aside, and the order was issued pursuant to CPL 290.10 (1) (a).  Thus, the order is not appealable (*see People v Ainsworth*, 145 AD2d 74, 76-77; *People v Brummel*, 136 AD2d 322, 324-325, *lv denied* 73 NY2d 853).  We may not "create a right to appeal out

of thin air" in order to address the merits "without trespassing on the Legislature's domain and undermining the structure of article 450 of the CPL-the definite and particular enumeration of all appealable orders" (*Laing*, 79 NY2d at 172). Were we able to review the merits, however, we would agree with the People that the court erred in dismissing the indictment. A "review [of] the legal sufficiency of the evidence as defined by CPL 70.10 (1), [while] accepting the competent evidence as true, in the light most favorable to the People," compels the conclusion that the evidence was legally sufficient to support the charge (*People v Lazaro*, 125 AD3d 1008, 1009).

Finally, we reject the People's contention that permitting their appeal would not be contrary to principles of double jeopardy. The court's "dismissal of a count due to insufficient evidence is tantamount to an acquittal for purposes of double jeopardy" (*People v Biggs*, 1 NY3d 225, 229; *see People v Brown*, 40 NY2d 381, 386, *rearg denied* 45 NY2d 839, *cert denied* 433 US 913). Defendant did not waive his double jeopardy protections when, prior to the court's ruling on his motion for a trial order of dismissal, he consented to the mistrial and acknowledged that he could be retried on the murder charge (*cf. People v Smith*, 12 AD3d 219, 220, *lv denied* 4 NY3d 836).

Entered:  March 31, 2017                          Frances E. Cafarell
                                                 Clerk of the Court