People v Dowdell (2026 NY Slip Op 01656)

People v Dowdell

2026 NY Slip Op 01656

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

103 KA 24-00819

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
vCHANDLER DOWDELL, DEFENDANT-RESPONDENT. 

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR APPELLANT. 
CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), dated May 14, 2024. The order granted that part of the omnibus motion of defendant seeking suppression of certain physical evidence and statements. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: The People appeal from an order that granted that part of defendant's omnibus motion seeking suppression of certain physical evidence and statements. "[N]o appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (People v Dunn, 4 NY3d 495, 497 [2005] [internal quotation marks omitted]; see People v Pagan, 19 NY3d 368, 370 [2012]). As applicable here, "[a]n appeal to an intermediate appellate court may be taken as of right by the people from . . . [a]n order suppressing evidence, entered before trial pursuant to [CPL] 710.20; provided that the people file a statement in the appellate court pursuant to [CPL] 450.50" (CPL 450.20 [8]) "asserting that the deprivation of the use of the evidence ordered suppressed has rendered the sum of the proof available to the people with respect to a criminal charge . . . either (a) insufficient as a matter of law, or (b) so weak in its entirety that any reasonable possibility of prosecuting such charge to a conviction has been effectively destroyed" (CPL 450.50 [1]). In essence, the People may "appeal as of right from an order suppressing evidence, but only in those cases in which the effect of the order sought to be appealed from, if not overturned, would be to destroy the People's case altogether" (Matter of Forte v Supreme Ct. of State of N.Y., 48 NY2d 179, 186-187 [1979]). Although the filing of a CPL 450.50 statement is unnecessary where the indictment is dismissed simultaneously with the suppression of evidence inasmuch as the dismissal of the indictment itself guarantees finality (see People v Townsend, 127 AD2d 505, 507 [1st Dept 1987], lv denied 69 NY2d 1011 [1987]; People v Brooks, 54 AD2d 333, 337 [4th Dept 1976]), Supreme Court did not dismiss the indictment in this case. Thus, inasmuch as the People did not file the requisite statement pursuant to CPL 450.50 (1), their appeal does not meet the statutory requirements (see CPL 450.20 [8]; 450.50 [1]; Forte, 48 NY2d at 181-182; People v Robinson, 171 AD2d 475, 479 [1st Dept 1991], lv denied 78 NY2d 973 [1991]) and must be dismissed (see People v Dunn, 2 AD3d 747, 748 [2d Dept 2003], affd 4 NY3d 495 [2005]; cf. People v Kumar, 262 AD2d 501, 501 [2d Dept 1999], lv denied 93 NY2d 1021 [1999]; see generally People v Tan, 148 AD3d 1759, 1760 [4th Dept 2017]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court