■ In the Matter of STEPHEN MOKONE, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services of the State of New York, Respondent.—Judgment of the Supreme Court, New York County (Stanley Sklar, J.), entered July 10, 1987, which dismissed the CPLR article 78 petition seeking a judgment directing respondent Commissioner of Correctional Services to recalculate petitioner's time spent in jail, unanimously affirmed.

On December 11, 1978, in the State of New Jersey, petitioner was sentenced to terms of 5 to 7 years' and 3 to 5 years' imprisonment, the terms to run consecutively, for atrocious assault and battery while armed. Petitioner was brought to New York State on March 20, 1979, pursuant to the Interstate Agreement on Detainers, to face charges on a crime committed here. Petitioner was sentenced for that crime (assault in the first degree) on September 29, 1980 to a term of 5 to 15 years, that sentence to run consecutively to the New Jersey sentence. On October 9, 1980, petitioner was returned to New Jersey to continue serving his sentences there.

Petitioner was released from his New Jersey sentence on August 6, 1985, and he was received at the Downstate Correctional Facility on August 30, 1985 with 24 days' jail time credit for the period from August 6 through August 30, 1985.

Petitioner, in a petition verified by his attorney on April 2, 1987, claimed that he was entitled to receive credit against the New York sentence for time served in New Jersey after September 1, 1981 since, it is alleged, the New Jersey State Parole Board offered to release him on parole on that date, and four times thereafter, but he mistakenly refused those offers in the belief that by remaining in the New Jersey jail he would be getting credit against his New York sentence. He also urged in his petition that he was entitled to receive credit against his New York sentence for time spent in New York awaiting trial, even though it was established that this period of time was credited toward his New Jersey sentence. As to this latter period and as applicable to this case, Penal Law § 70.30 (3) precludes crediting the sentence of an inmate of a correctional facility of this State with time served under the previously imposed consecutive sentence of another jurisdiction where he has received credit in the other jurisdiction toward that sentence (*Matter of Peterson v New York State Dept. of Correctional Servs.*, 100 AD2d 73, 79).

With regard to that portion of the petition which seeks credit for the time spent in New Jersey because of petitioner's

claimed misunderstanding of the law, this claim is similarly without merit. Aside from the fact that the petition was not verified by the petitioner but rather by his attorney, who did not explain why the petitioner did not personally verify it (CPLR 3021), Penal Law § 70.30 (2-a) provides that: "Where a person who is subject to an undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction is sentenced to an additional term or terms of imprisonment by a court of this state, to run * * * *consecutively* to the said undischarged term, such additional term or terms shall *commence when the prisoner is received in the appropriate institution* as provided in subdivisions one and two of this section. The term or terms of such imprisonment shall be calculated and such other pertinent provisions of this section applied in the same manner as where a person is under more than one sentence in this state as provided in this section" (emphasis added). In addition, subdivision (1) of section 70.30 reads as follows: "An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services." Thus, petitioner's New York sentence did not commence until he was received at Downstate Correctional Facility on August 30, 1985. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.