■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PACCIONE, Appellant. [904 NYS2d 497]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Chambers, J.), dated February 4, 2008, which granted the People's application, in effect, to vacate an award of credit for time served by him in satisfaction of a sentence imposed in connection with his conviction on an unrelated federal crime, in mitigation of the sentence imposed by the same court upon his conviction of robbery in the first degree, robbery in the second degree, grand larceny in the second degree, burglary in the second degree, and tampering with physical evidence, upon a jury verdict.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In 2000 a jury convicted the defendant Michael Paccione (hereinafter the defendant) and his brother, the codefendant Anthony Paccione, of robbery in the first degree and related

crimes. On July 19, 2000, each defendant was sentenced to an indeterminate term of imprisonment of 10 to 20 years on the count of robbery in the first degree, and lesser terms of imprisonment on the other counts. The Supreme Court directed the sentences to run concurrently with each other, but consecutively to a federal sentence that had already been imposed on each defendant in an unrelated matter.

During the sentencing hearing on July 19, 2000 the defendant's counsel requested that the defendant receive credit against the state sentence for the period of time during which he was held in federal custody, nunc pro tunc, from March 11, 1998. The Supreme Court first responded that it was "unsure" as to whether such a credit could legally be awarded, but also stated "[t]hat's fine" in response to another statement by counsel regarding federal time-served credit. The sentence and order of commitment dated July 19, 2000 thereafter made no mention of credit for the time the defendant served while in federal custody.

On May 5, 2005, as a result of correspondence received from the defendant's counsel, the Supreme Court issued an amended sentence and order of commitment, without notice to the People, that the sentence originally imposed was to run nunc pro tunc from March 11, 1998. On July 15, 2005 the Supreme Court, sua sponte, further amended the sentence and order of commitment to direct that the state and federal sentences were to run concurrently with each other.

The People sought to "resettle the record" with respect to the defendant's sentence. At a hearing conducted on February 4, 2008, at which only the People and the defendant's counsel were present, the Supreme Court explained that its intention at sentencing was to give the defendant credit for time served while in federal custody, if it were possible to do so, but that it had since determined that such credit was a "legal impossibility." The Supreme Court then issued an amended sentence and order of commitment, dated February 4, 2008, which directed that the state sentences were to run concurrently with each other, and consecutively to the federal sentence. It expressly removed any credit for the period of time during which the defendant was in federal custody.

Under the circumstances of this case, we find that the hearing conducted on February 4, 2008, in effect, constituted a resentencing. We, therefore, reject the People's argument that, absent a formal resentencing proceeding that was designated as such, the amended order of commitment dated February 4, 2008, is not appealable (see CPL 450.10, 450.30 [3]).

We further conclude that the Supreme Court properly

determined that the defendant was not entitled to nunc pro tunc credit for time served while in federal custody (*see* Penal Law 70.30 [2-a]; *Matter of Mokone v Coughlin*, 157 AD2d 621, 622 [1990]). Moreover, contrary to the defendant's contention, the efforts of the Supreme Court to resettle the record with respect to the sentence did not violate principles of double jeopardy (*see People v Somerville*, 33 AD3d 733, 734 [2006]; *People v Jason*, 240 AD2d 760 [1997]; *People v Todd*, 183 AD2d 861 [1992]).

Nevertheless, the defendant had a due process right to be present at the resentencing proceeding (*see* CPL 170.30 [3]; *Mempa v Rhay*, 389 US 128, 134 [1967]; *Matter of Smiley*, 36 NY2d 433, 437 [1975]) which, based on our review of the record, was not waived. Accordingly, the order dated February 4, 2008 must be reversed, and the matter remitted to the Supreme Court, Kings County, for further proceedings on the People's application, consistent with this determination, at which the defendant is given the opportunity to be present. Dillon, J.P., Balkin, Belen and Lott, JJ., concur.