*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    510460
_____

In the Matter of ROBERT MOORE,
    Also Known as SAADA SPIVEY,
                    Appellant,
        v                                   MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  McCarthy, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

Robert Moore, Rahway, New Jersey, appellant pro se.

Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered August 13, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to recalculate his sentence.

In 1986, petitioner was convicted of murder in New Jersey and was sentenced to 30 years in prison.  In 1987, while serving this sentence, petitioner was temporarily transferred to New York to face charges pursuant to the Interstate Agreement on Detainers Act (see 18 USC Appendix 2, § 2 [hereinafter IAD]; CPL 580.20).  He was thereafter convicted of murder in New York and sentenced to a prison term of 25 years to life on November 9, 1987, with the sentence to run consecutively to the New Jersey sentence.  Following imposition of the New York sentence, petitioner was

initially sent to respondent on November 13, 1987, apparently due to an error by an employee of the New York City Department of Corrections. Upon discovery of the error, he was returned to New Jersey on December 3, 1987 to complete his sentence there pursuant to the terms of the IAD. In 2010, petitioner commenced this CPLR article 78 proceeding seeking to compel respondent to recalculate his sentence to one that runs concurrently with the New Jersey sentence. Supreme Court dismissed the petition, prompting this appeal.

Petitioner contends that his New York sentence should run concurrently with the New Jersey sentence due to the fact that respondent initially received him following the imposition of his New York sentence, in violation of the IAD. We disagree. Pursuant to the IAD, New York was provided only temporary custody of petitioner in order to prosecute him on the murder charge (see CPL 580.20, art V [a]). Following prosecution, New York was required to return petitioner to New Jersey "at the earliest practicable time consonant with the purposes of [the IAD]" (CPL 580.20, art V [e]). The IAD does not require an immediate return and, in our view, the modest delay here was neither impracticable nor contrary to the purpose of the IAD.

We also reject petitioner's contention that his sentences should be ordered to run concurrently due to his belief that his New York sentence commenced in 1987, when he was erroneously received by respondent and, once commenced, it could not be interrupted (see CPL 430.10). Petitioner had not been discharged from the New Jersey sentence in 1987. Thus, his consecutive New York sentence could not have commenced at that time (see Penal Law § 70.30 [2-a]; Matter of Mokone v Coughlin, 157 AD2d 621, 622 [1990], lv denied 75 NY2d 711 [1990]), nor did respondent have the authority to change a sentence legally imposed by a court (see Matter of Hill v Commissioner of Correctional Servs. 71 AD3d 1210, 1211 [2010]).

McCarthy, J.P., Garry, Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court