■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN JACKSON, Appellant. [59 NYS3d 426]—Appeal by the defendant from an order of the Supreme Court, Nassau County (Sullivan, J.), dated November 29, 2016, which, upon granting that branch of his motion which was to amend and correct the records of the New York State Department of Corrections and Community Supervision to accurately reflect that he was sentenced on July 3, 1985, as a second violent felony offender, denied all other relief requested in his motion.

Ordered that the appeal is dismissed.

Contrary to the defendant's contention, the Supreme Court's order dated November 29, 2016, did not, in effect, constitute a resentencing, but merely corrected an obvious scrivener's error contained in the order of commitment relating to the defendant's July 3, 1985, conviction, which identified the defendant as a "prior felony offender" rather than a second violent felony offender. There was never any doubt that the defendant had been sentenced as a second violent felony offender, as reflected in the People's June 27, 1985, statement requesting that the defendant be sentenced as a second violent felony offender, the transcript of the July 3, 1985, sentencing proceedings, the amended certificate of disposition, and this Court's affirmance of the sentence on direct appeal (*see People v Jackson*, 151 AD2d 694, 695 [1989]).

Therefore, the resettlement of the order of commitment did not alter or affect in any way the sentence originally imposed (*compare People v Paccione*, 74 AD3d 1363 [2010], *with People v Banks*, 242 AD2d 726, 727 [1997]). As a result, the order dated November 29, 2016, is not appealable as of right (*see* CPL 450.10 [2]; 450.30 [3]) or by permission (*see* CPL 450.15), and the appeal must be dismissed (*see People v Smith*, 27 NY3d 643, 647 [2016]; *People v Pagan*, 19 NY3d 368, 370 [2012]; *People v Dunn*, 4 NY3d 495, 497 [2005]; *People v Hernandez*, 98 NY2d 8, 10 [2002]; *People v Stevens*, 91 NY2d 270, 278 [1998]). Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.