OPINION OF THE COURT
Bellacosa, J.
In both of these cases, the People claim that CPL 450.20 (8) authorizes them to appeal to the Appellate Division from trial orders precluding the introduction of identification evidence for failure to comply with CPL 710.30’s timely notice provision. We affirm the orders of the Appellate Division dismissing the People’s appeals to that court (People v Laing, 168 AD2d 635; People v Wade, 170 AD2d 468), because CPL 710.30 orders are not among the enumerated authorizations in CPL 450.20 and because there is no interpretative alternative to that exclusive route for a People’s appeal.
Defendant Laing was arrested on November 15, 1988 in connection with a robbery and stabbing of a gas station attendant nine days earlier in Queens. On the day of arrest, the police showed the victim a single photograph of defendant from which an identification was made. At arraignment, *169 defendant received a CPL 710.30 (1) (b) notice, along with the District Attorney’s Voluntary Disclosure Form reflecting the victim’s identification. After a Wade hearing, Supreme Court granted defendant’s motion to suppress the identification. Prior to jury selection, the People alerted defendant that they had learned of another witness to the crime who had also identified defendant from a single photograph approximately one week after the crime. The prosecutor argued that neither a CPL 710.30 notice nor a Wade hearing were required because that identification was confirmatory. The trial court disagreed and precluded the additional witness’s identification testimony. The People filed an appeal from that order to the Appellate Division.
Defendant Wade was charged with criminal sale of a controlled substance, third degree, based upon his alleged sale of crack cocaine to an undercover police officer in Queens. Following the criminal exchange, the defendant was identified at the scene by the undercover officer. At arraignment, defendant was served with a Voluntary Disclosure Form but not with a CPL 710.30 notice. Prior to any suppression hearings, Supreme Court granted defendant’s motion to preclude the use of the undercover officer’s identification testimony on the ground that the People had failed to serve the required CPL 710.30 (1) (b) notice of the showup identification. The court rejected the People’s arguments that the Voluntary Disclosure Form constituted adequate notice to satisfy CPL 710.30 and that the identification was merely confirmatory. The People filed an appeal from the order to the Appellate Division.
The Appellate Division dismissed both appeals, holding that CPL 450.20 (8) does not authorize appeals by the People from CPL 710.30 preclusion orders, and that in the absence of enumerated authorization in the statute, the People may not appeal such orders. A Judge of this Court granted permission to appeal in each case to the People.
CPL 710.30 requires that within 15 days after arraignment and before trial the People must serve upon the defendant notice of their intention to offer at trial "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified [the defendant].” (CPL 710.30 [1] [b].) Failure to give timely notice mandates precluding the People from offering such evidence at trial, with two exceptions not *170 applicable here (see, CPL 710.30 [2], [3]). The CPL 710.30 notice requirement facilitates the opportunity for defendants to test the reliability of the People’s proposed identification testimony prior to trial (People v Newball, 76 NY2d 587, 591; People v White, 73 NY2d 468, 474, cert denied 493 US 859). A 1976 amendment to CPL 710.30 (L 1976, ch 194, § 3) pinpointed the time for serving notice from "before trial” to "within fifteen days after arraignment and before trial”. This change, along with conforming changes to the omnibus pretrial motion provisions, was designed to further another goal of CPL 710.30 — "the orderly, swift and efficient determination of pretrial motions” (People v O’Doherty, 70 NY2d 479, 488). This Court has recognized that "[t]he exclusionary sanction for failure to comply contained in CPL 710.30 (3) reflects a [legislative] judgment that the loss of the use of the evidence is an acceptable price to pay to achieve the desired goals.” (People v O'Doherty, supra, at 488-489.)
CPL article 450 governs appealability of orders in criminal proceedings. CPL 450.20 delineates the instances in which the People may appeal as of right to an intermediate appellate court. Significantly absent is any authorization for a People’s appeal from an order precluding evidence pursuant to CPL 710.30. It is fundamental that in the absence of a statute expressly authorizing a criminal appeal, there is no right to appeal (People v De Jesus, 54 NY2d 447, 449; Matter of Santangello v People, 38 NY2d 536, 538-539; Matter of State of New York v King, 36 NY2d 59, 63; People v Zerillo, 200 NY 443, 446). This principle recognizes the Legislature’s policy prerogative "to limit appellate proliferation in criminal matters” (Matter of State of New York v King, supra, at 63).
The People contend, nevertheless, that CPL 450.20 (8) should be interpreted to authorize a People’s appeal from a CPL 710.30 preclusion order by, in effect, melding CPL 710.30 with CPL 710.20 suppression orders, for which an appeal is explicitly allowed. CPL 450.20 (8) authorizes a People’s appeal from "[a]n order suppressing evidence, entered before trial pursuant to section 710.20. ” (Emphasis added.) Section 710.20 allows a defendant to move to suppress evidence on several grounds, including improper pretrial identification procedures (CPL 710.20 [6]), but not including failure to provide timely notice as required by CPL 710.30.
Courts must construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to *171 broaden the scope and application of statutes (Matter of Alonzo M. v New York City Dept of Probation, 72 NY2d 662, 665; see also, Matter of Holtzman v Goldman, 71 NY2d 564, 570-573; People v Douglass, 60 NY2d 194). This is especially so in one of the most highly structured and highly particularized articles of procedure — appeals. Where a statute delineates the particular situations in which it is to apply, " ' "an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” ’ ” (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665, supra, quoting Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208-209). The words and numerical references and incorporations in CPL 450.20 could not be plainer — the Legislature left CPL 710.30 preclusion orders out of the People’s appeal authorization section.
The People, and amici curiae who favor the People’s view of the issue, argue that CPL 450.20 (8) should be interpreted "broadly” to permit appeal of any trial order which results in the unavailability of evidence, including those for CPL 710.30 notice violations. They urge that appellate courts should, for the limited purpose of CPL 450.20 (8) appealability, treat CPL 710.30 preclusion orders as if they were CPL 710.20 suppression orders inasmuch as failure to give timely notice provides an additional ground for, in effect, seeking suppression of such evidence. Their argument concludes that the list of grounds for suppression contained in CPL 710.20 is not meant to be all-inclusive.
The argument cannot be sustained. This Court has recognized in an analogous context that "[t]he People’s failure to provide timely notice of intent is not one of the grounds for a suppression motion under CPL 710.20. Nor is the notice requirement a mere ingredient of a motion to suppress statements or identifications under [CPL 710.20 (3) or (6)]. By definition, CPL 710.30 operates independently, in advance of the suppression motion. The [CPL 710.20] motion to suppress does not become necessary unless and until the court allows the defaulting prosecutor to provide late notice.” (People v Taylor, 65 NY2d 1, 6.) While "CPL 710.30 is related to two of the constitutional bases for suppression under CPL 710.20— involuntary statements and improper identifications” (id., at 6), Taylor articulates a substantive and functional differentiation between CPL 710.20 and CPL 710.30 and clearly suggests that they are not interchangeable mechanisms.
*172 The People’s appeal to policy-driven judicial rewriting of the legislation would require us to read CPL 710.30 into CPL 710.20 and 450.20 (8) and, thus, to create a right to appeal out of thin air. The Legislature, for whatever reason, simply did not include the words and statutory numbers in its very detailed enactments. While the People and their amici are correct that the omission leaves them out of appeals court, " 'any arguments for a change in the practice, however persuasive, must be addressed to the legislature’ ” (Matter of Santangello v People, 38 NY2d 536, 539, supra). In sum, this Court cannot rejigger the language or specific prescriptions of CPL 450.20 (8) to fill the People’s void, without trespassing on the Legislature’s domain and undermining the structure of article 450 of the CPL — the definite and particular enumeration of all appealable orders (see, People v O'Doherty, 70 NY2d 479, 489, supra).
Finally, and for like reasons, we reject the People’s and the amici’s alternative suggestions that the Court should "look through” the labels of the trial courts’ CPL 710.30 preclusion orders and merely declare that the orders are really CPL 710.20 orders for appealability purposes. The trial orders of preclusion at issue in these cases are unquestionably based on the People’s failure to provide timely CPL 710.30 notice of intent to use identification evidence. They are plainly not CPL 710.20 suppression orders masquerading as CPL 710.30 preclusion orders, and we cannot blithely convert their nature and nomenclature for appeal convenience.
Since there is no statutory provision upon which an appeal from a CPL 710.30 preclusion order may be predicated in this exclusively regimented field, we conclude that the Appellate Division properly dismissed the People’s appeals.
Accordingly, the order of the Appellate Division in each case should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
In each case: Order affirmed.