OPINION OF THE COURT
Per Curiam.
Appeal from order entered August 3, 1993 dismissed as nonappealable.
Pursuant to CPL 450.20 (8) and 710.20 (5), the People’s right to appeal from an order suppressing evidence is, as here relevant, limited to a chemical test of the defendant’s blood administered in violation of the provisions of Vehicle and Traffic Law § 1194 (3). The order sought to be appealed from suppressed or, more precisely, excluded the admission of breathalyzer test results administered at the direction of the police under Vehicle and Traffic Law § 1194 (2) (see, People v Rosario, 136 Misc 2d 445; Vehicle and Traffic Law § 1195 [1]). Manifestly, the order did not suppress the result of a court-ordered chemical test of the defendant’s blood, as specified in CPL 710.20 (5) (see also, Vehicle and Traffic Law § 1195 [3]).
It is fundamental that in the absence of a statute expressly authorizing a criminal appeal, there is no right to appeal (People v Laing, 79 NY2d 166). Interim appeals of suppression orders are limited to those orders issued pursuant to CPL 710.20; "[n]o other sort of pre-trial suppression order qualifies” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 450.20, at 703). Where an appeals statute "delineates the particular situations in which it is to apply, ' " 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded’ ” ’ ” (People v Laing, supra, at 171). The Legislature’s omission from CPL 710.20 (5) of orders excluding breathalyzer tests administered in violation of Vehicle and Traffic Law § 1194 (2) leaves the People without an appellate remedy from the order of Criminal Court. There being no express statutory authorization for the People’s appeal in the particularized and "exclusively regimented” articles of appellate criminal procedure (People v Laing, supra, at 171-172), the appeal must be dismissed.
Parness, J. P., and McCooe, J., concur.