■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENYATTA MYERS, Respondent. [641 NYS2d 333] —Appeal by the

People from an order of the Supreme Court, Queens County (Rotker, J.), dated August 9, 1994, which granted the defendant's motion for an order of preclusion pursuant to CPL 240.70 (1).

Ordered that the appeal is dismissed.

The order appealed from granted the defendant an order of preclusion pursuant to CPL 240.70 (1), which, in effect, bars the People from introducing any evidence that the defendant committed the crimes charged in the indictment: robbery in the first degree and robbery in the second degree. That relief was granted despite the fact that the People had turned over much of the material requested, and were ready, willing, and able to turn over yet more material. Further, it is well settled that "[w]here any prejudice arising from such noncompliance" with discovery demands "can be cured by granting a continuance, the drastic remedy of preclusion is not warranted" (*People v Cunningham,* 189 AD2d 821, 822; *People v Eleby,* 137 AD2d 708, 709). Assuming, arguendo, that the defendant's discovery demands were proper, any noncompliance could have been cured by granting the People additional time to comply, without any prejudice to the defendant.

However, the instant appeal must be dismissed because CPL 450.20, which sets forth the instances when the People may appeal to an intermediate appellate court, does not authorize an appeal from an order precluding the admission of evidence pursuant to CPL 240.70 (1) (*see, People v Laing,* 79 NY2d 166, 170). Although, in this case, the effect of the preclusion order is tantamount to dismissal, CPL 450.20 does not permit appeals from "any trial order which results in the unavailability of evidence", even if the evidence is crucial to the People's case (*People v Laing, supra,* at 171). The People may only appeal from the types of orders specified in CPL 450.20. We emphasize that our dismissal of this appeal should not be viewed as an approval of the determination of the Supreme Court.

The legislative policy underlying limiting criminal appeals is to prevent a proliferation of criminal appeals (*see, Matter of State of New York v King,* 36 NY2d 59, 63), especially where "other methods of procedure exist by which the question can be raised both in the trial court and upon appeal" (*People v Zerillo,* 200 NY 443, 446). Where the People certify that they cannot proceed without the evidence which they have been precluded from admitting in evidence, that policy is not served. However, the Court of Appeals in *People v Laing* (*supra,* at 172), prohibited a "policy-driven judicial rewriting" of CPL 450.20, and noted that any change must be enacted by the

Legislature. Therefore, we take this opportunity to urge the Legislature to amend CPL 450.20, to permit the People to appeal from all orders precluding the admission of evidence, where the People certify that they cannot proceed without the precluded evidence (cf., CPL 450.20 [8]; 450.50). Miller, J. P., Sullivan, Copertino and Goldstein, JJ., concur.