OPINION OF THE COURT
 

 Wesley, J.
 

 As the result of a warrantless arrest, defendant was charged in a misdemeanor complaint with consumption of alcohol in a
 
 *10
 
 public place, disorderly conduct and resisting arrest. The trial court dismissed the complaint pursuant to CPL 140.45. That section requires dismissal when an accusatory instrument filed pursuant to warrantless arrest provisions is facially insufficient and the “court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file” a sufficient accusatory instrument (CPL 140.45). The People appealed pursuant to CPL 450.20 (1) and the Appellate Term reversed and reinstated the accusatory instrument. The Appellate Term was in error.
 

 No appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute
 
 (see People v Stevens,
 
 91 NY2d 270, 277 [1998]). In the context of CPL 450.20, we have stated that “[c]ourts must construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to broaden the scope and application of statutes. This is especially so in one of the most highly structured and highly particularized articles of procedure— appeals. Where a statute delineates the particular situations in which it is to apply, ‘an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.’ The words and numerical references and incorporations in CPL 450.20 could not be plainer * * *”
 
 (People v Laing,
 
 79 NY2d 166, 170-171 [1992] [citations and internal quotation marks omitted]).
 

 CPL 450.20 (1) only authorizes an appeal from an order dismissing an accusatory instrument if the order was entered “pursuant to section 170.30, 170.50, or 210.20.” In contrast, the Legislature has not provided the People with any right of appeal from CPL 140.45 dismissals. As the legislative history of CPL 140.45 explains, “in a case of an arrest under a warrant, the information or felony complaint underlying the warrant is filed with, and examined for sufficiency by, a local criminal court before the arrest,” whereas, when an arrest is made without a warrant, since the arraignment “is the court’s first opportunity to examine it, it should have the power to reject it on that occasion” (Commn Staff Notes, reprinted following NY Cons Laws Serv, CPL 140.45, at 186;
 
 see also People v Machado,
 
 182 Misc 2d 194 [Crim Ct, Bronx County 1999]). Thus, the Appellate Term had no jurisdiction to entertain the People’s appeal.
 

 
 *11
 
 Accordingly, the order of the Appellate Term should be reversed and the case remitted to that court for dismissal of the appeal.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur.
 

 Order reversed and case remitted to the Appellate Term, First Department, with directions to dismiss the appeal taken to that court.