■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FAYE DUNN, Respondent. [768 NYS2d 653]—

Appeal by the People from an order of the Supreme Court, Kings County (Feldman, J.), dated August 8, 2002, which, after a jury trial, sua sponte, set aside the defendant's conviction for murder in the second degree.

Ordered that the appeal is dismissed.

On this appeal, the People contend that the Supreme Court incorrectly determined that the defendant was denied the effective assistance of counsel. However, since the challenged order is not appealable, the appeal must be dismissed.

It is fundamental that the right of the People to appeal in a criminal case is statutorily determined (*see People v Laing,* 79 NY2d 166, 170 [1992]; *Matter of State of New York v King,* 36

NY2d 59, 63 [1975]), and the statute conferring such right must be strictly construed (*see People v Brummel,* 136 AD2d 322, 324 [1988]; *see also People v Santos,* 64 NY2d 702 [1984]; *People v Johnson,* 103 AD2d 754 [1984]). Absent a specific statute granting the People the right to appeal, or the right to seek leave to appeal, this Court is without jurisdiction to hear the appeal (*see People v Doe* 170 AD2d 690 [1991]; *People v Reap,* 68 AD2d 964 [1979]). Because CPL 450.20, which sets forth the instances when the People may appeal to an intermediate court, does not authorize an appeal from an order setting aside a verdict made on a trial court's own motion, this appeal must be dismissed (*see People v Myers,* 226 AD2d 557 [1996]). Smith, J.P., McGinity, H. Miller and Rivera, JJ., concur.