[829 NE2d 295, 796 NYS2d 331]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FAYE DUNN, Respondent.

Argued March 31, 2005; decided April 28, 2005

## POINTS OF COUNSEL

*Charles J. Hynes, District Attorney,* Brooklyn (*Seth M. Lieberman, Leonard Joblove* and *Ann Bordley* of counsel), for appellant. The trial court's order setting aside the verdict was appealable pursuant to CPL 450.20 (3). Consequently, the Appellate Division erred in dismissing the People's appeal from the trial court's order. (*People v Hernandez,* 98 NY2d 8; *People v Laing,* 79 NY2d 166; *People v McDonald,* 68 NY2d 1; *People v Carthrens,* 171 AD2d 387; *People v Carter,* 63 NY2d 530; *People v Fai Cheung,* 247 AD2d 405; *Matter of Theroux v Reilly,* 1 NY3d 232; *Matter of Jose R.,* 83 NY2d 388; *People v Sanchez,* 276 AD2d 723; *People v Rice,* 199 AD2d 1054.)

*Feldman and Feldman,* Uniondale (*Steven A. Feldman* of counsel), for respondent. This Court should affirm the order of the Appellate Division, which correctly found it lacked jurisdiction to hear the People's appeal, because section 450.20 of the Criminal Procedure Law does not authorize an appeal from an order setting aside a verdict made on a trial court's own motion. (*People v Linares,* 2 NY3d 507; *People v Baldi,* 54 NY2d 137; *People v Harris,* 98 NY2d 452; *People v Dorta,* 56 AD2d 607; *Neder v United States,* 527 US 1; *People v McDonald,* 68 NY2d 1; *Tippins v Walker,* 77 F3d 682; *People v Coppa,* 45 NY2d 244; *People v Edwards,* 78 AD2d 582; *People v Bussey,* 6 AD3d 621.)

## OPINION OF THE COURT

GRAFFEO, J.

The issue in this case is whether CPL 450.20 allows the People to appeal from a sua sponte order of a trial court setting aside a verdict pursuant to Judiciary Law § 2-b (3). We conclude that such an appeal is not authorized by the Criminal Procedure Law and must instead be challenged in a CPLR article 78 proceeding.

Defendant was charged with murder and related offenses stemming from her alleged participation in a shooting outside a Brooklyn nightclub. She was convicted of murder in the second degree and moved to set aside the verdict under CPL 330.30. Supreme Court denied the motion but nevertheless overturned the verdict sua sponte. Relying on Judiciary Law § 2-b (3) in a

procedure that the trial judge recognized to be "highly unusual,"* the court vacated defendant's conviction on the ground that defense counsel had failed to meaningfully represent defendant.

The People's appeal from the order was dismissed by the Appellate Division. The Court concluded that the Criminal Procedure Law does not authorize an appeal by the People from an order setting aside a verdict made on a trial court's own motion. The Appellate Division adhered to its determination on reargument. A Judge of this Court granted leave to appeal and we now affirm.

It is well settled that "[n]o appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (*People v Hernandez*, 98 NY2d 8, 10 [2002]). CPL 450.20 delineates the orders that may be appealed by the People to an intermediate appellate court. As relevant to this case, subdivision (3) of the statute authorizes a People's appeal from "[a]n order setting aside a verdict, entered pursuant to section 330.30 or 370.10" of the Criminal Procedure Law. The trial court's order in this case, however, was premised on Judiciary Law § 2-b (3), which is not one of the enumerated statutory predicates for an appeal by the People. Consequently, the trial court's order was facially nonappealable under CPL 450.20 (3).

The People, recognizing that the trial court relied upon Judiciary Law § 2-b (3) to set aside the verdict, contend that the court's order should be deemed to have been made pursuant to CPL 330.30 because it was based on the ineffective assistance of counsel, a claim that could have been reviewed on direct appeal. In light of the unequivocal declaration by the trial court that it was not relying on CPL 330.30, we will " 'not resort to interpretative contrivances to broaden the scope and application' " of CPL 450.20 (*People v Hernandez*, 98 NY2d at 10, quoting *People v Laing*, 79 NY2d 166, 170-171 [1992]), especially when an adequate legal remedy aside from a direct appeal was available to the People. As we explained in *Matter of Pirro v Angiolillo* (89 NY2d 351 [1996]), the People may seek a writ of prohibition in a CPLR article 78 proceeding when a trial court clearly acts in excess of its authorized powers and there is "no adequate remedy at law" to address the People's grievance (*id.*

---

* Judiciary Law § 2-b (3) provides that a court may "devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it."

at 359). Here, as in *Pirro*, the proper vehicle for the People to challenge Supreme Court's order was an article 78 proceeding, not a direct appeal.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, READ and R.S. SMITH concur.

Order affirmed.