*95 OPINION OF THE COURT
Memorandum.
Appeal unanimously dismissed.
Defendant was charged with a violation of Islip Town Code § 35-3 (D) which prohibits engines from creating noise disturbances. After a trial, the court granted one branch of defendant’s posttrial motion and dismissed the case. Although the People’s appeal was dismissed by this court (People v Schaum, 2001 NY Slip Op 40426[U] [App Term, 9th & 10th Jud Dists 2001]), the Court of Appeals reversed and remitted the case to this court for further proceedings (People v Schaum, 98 NY2d 667 [2002]). Upon remittal, this court reversed the order appealed from and remitted the matter to the District Court for a determination of the remaining branches of defendant’s dismissal motion and, if necessary, a determination as to whether the People established defendant’s guilt and disproved the defense of justification beyond a reasonable doubt (People v Schaum, NYLJ, Dec. 24, 2002, at 21, col 4 [App Term, 9th & 10th Jud Dists]). While the case was winding its way through the appellate process, the trial judge was elected to the Supreme Court. Upon remittal, the case was assigned to a different District Court Judge who denied defendant’s motion to dismiss and found that the People failed to establish defendant’s guilt and disprove the defense of justification beyond a reasonable doubt.
The right of the People to appeal in a criminal case is statutorily determined (see People v Dunn, 4 NY3d 495 [2005]; People v Laing, 79 NY2d 166, 170 [1992]; Matter of State of New York v King, 36 NY2d 59, 63 [1975]), and the statute conferring such right must be strictly construed (see People v Brummel, 136 AD2d 322, 324 [1988]; see also People v Santos, 64 NY2d 702 [1984]; People v Johnson, 103 AD2d 754 [1984]). Absent a specific statute granting the People the right to appeal, this court is without jurisdiction to hear the appeal (see People v Doe, 170 AD2d 690 [1991]; People v Reap, 68 AD2d 964 [1979]). Because CPL 450.20, which sets forth the instances when the People may appeal to an intermediate appellate court, does not authorize an appeal from an order acquitting a defendant, this appeal must be dismissed (see People v Dunn, 4 NY3d 495 [2005], supra; People v Myers, 226 AD2d 557 [1996]). We note that a direct appeal is not the *96 proper method for a challenge to the authority of the judge who issued the order of dismissal (People v Dunn, 4 NY3d 495 [2005], supra).
Rudolph, P.J., McCabe and Tanenbaum, JJ., concur.