■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT ALONSO and EMILIA ALONSO, Respondents. [894 NYS2d 757]—

Appeal by the People from an order of the Supreme Court, Westchester County (R. Bellantoni, J.), entered October 31, 2008, which granted the defendants' oral application to dismiss

Westchester County indictment Nos. 07-00645 and 07-01605 with prejudice.

Ordered that the appeal is dismissed.

In the midst of a nonjury trial during presentation of the People's case, the defendants orally moved to dismiss the indictments, with prejudice, on the ground that the People had violated their obligation to disclose exculpatory evidence pursuant to *Brady v Maryland* (373 US 83 [1963]). In a decision rendered from the bench, the Supreme Court indicated that it would grant the application upon determining that CPL 240.70 (1) authorized the taking of "appropriate action," including dismissal of the indictments where necessary, to remedy a *Brady* violation (*see* CPL 240.20 [1] [h]; 240.70 [1]; *People v Kelly*, 62 NY2d 516, 521 [1984]). The People appeal from the order entered upon that decision.

"It is well settled that '[n]o appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute' " (*People v Dunn*, 4 NY3d 495, 497 [2005], quoting *People v Hernandez*, 98 NY2d 8, 10 [2002]; *see People v Doe*, 170 AD2d 690 [1991]). The People's right of direct appeal from an order of the criminal court is defined by CPL 450.20. An order imposing sanctions pursuant to CPL 240.70 (1) is not appealable under CPL 450.20 (*see People v Myers*, 226 AD2d 557 [1996]).

The People contend that the order should be deemed, in effect, entered pursuant to CPL 210.20 (1) (h), a provision covered by CPL 450.20. Contrary to this contention, the statutory basis for the order is clear from its underlying decision on the record and this Court may not "convert [the] nature and nomenclature [of the order] for appeal convenience" (*People v Laing*, 79 NY2d 166, 172 [1992]; *see People v Dunn*, 4 NY3d at 497-498).

"We emphasize that our dismissal of this appeal should not be viewed as an approval of the determination of the Supreme Court" (*People v Myers*, 226 AD2d at 558). Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.

Motion by the respondents to dismiss an appeal from an order of the Supreme Court, Westchester County, entered October 31, 2008, on the ground that no appeal lies from the order. By decision and order on motion of this Court dated February 27, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeal upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers

filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied as academic in light of our determination on the appeal from the order. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.