[949 NE2d 471, 925 NYS2d 380]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT ALONSO and EMILIA ALONSO, Respondents.

Argued March 22, 2011; decided May 3, 2011

**POINTS OF COUNSEL**

*Eric T. Schneiderman, Attorney General*, New York City (*Rose-ann B. MacKechnie* and *Barbara D. Underwood* of counsel), for appellant. The trial court's order dismissing the indictments as a sanction for a purported discovery violation is appealable. (*People v Dunn*, 4 NY3d 495; *People v Stevens*, 91 NY2d 270; *People v Laing*, 79 NY2d 166; *People v Hernandez*, 98 NY2d 8; *People v Franco*, 196 AD2d 357, 86 NY2d 493; *People v Coppa*, 45 NY2d 244; *People v Rosenberg*, 45 NY2d 251; *People v Wallace*, 220 AD2d 248; *People v Williams*, 186 Misc 2d 705; *People v Gonzalez*, 184 Misc 2d 262.)

*Diane E. Selker*, Peekskill, for respondents. The Appellate Division correctly held that the trial court order dismissing the indictment as a discovery sanction under CPL 240.70 (1) is not appealable under CPL 450.20. (*People v Laing*, 79 NY2d 166; *People v Hernandez*, 98 NY2d 8; *People v Allen*, 92 NY2d 378; *People v Schaum*, 98 NY2d 667; *People v Franco*, 86 NY2d 493; *People v Swamp*, 84 NY2d 725; *People v Coppa*, 45 NY2d 244; *People v Doe*, 170 AD2d 690, 77 NY2d 956; *People v Myers*, 226 AD2d 557; *People v Rosenberg*, 45 NY2d 251.)

*Derek P. Champagne, District Attorney*, Malone (*Patrick J. Hynes* and *Sara M. Zausmer* of counsel), for District Attorneys Association of the State of New York, amicus curiae. A court's order dismissing a felony indictment as an "appropriate" sanction under CPL 240.70 is an exercise of the power conferred by CPL 210.20 and is thus appealable. (*People v Rosenberg*, 45 NY2d 251; *People v Kelly*, 62 NY2d 516; *People v Douglass*, 60

NY2d 194; *People v Jones*, 93 AD2d 743; *People v Schaum*, 98
NY2d 667; *People v Coppa*, 45 NY2d 244; *People v Wallace*, 220
AD2d 248, 87 NY2d 1026; *People v Belge*, 41 NY2d 60; *People v
Colon*, 110 Misc 2d 917, 112 Misc 2d 790, 59 NY2d 921; *People v
Chu Zhu*, 171 Misc 2d 298, 245 AD2d 296.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

Several months into a criminal trial on charges related to al-
leged Medicaid fraud, Supreme Court determined that the
People had failed to meet their obligation to disclose exculpa-
tory evidence pursuant to *Brady v Maryland* (373 US 83 [1963]).
Supreme Court found that the constitutional violation was of
such a magnitude that the prejudice to defendants could not be
overcome by any remedy short of dismissing the indictments.
Having concluded that the defendants could not receive a fair
trial under the circumstances, Supreme Court dismissed the
indictments, with prejudice.

The People brought an appeal to the Appellate Division. That
court, however, dismissed the appeal without passing upon the
merits. The Appellate Division reasoned that the People lacked
the statutory right to bring an appeal from a dismissal of an
indictment in response to a discovery violation (*People v Alonso*,
70 AD3d 957 [2d Dept 2010]). A Judge of this Court granted the
People leave to appeal (15 NY3d 746 [2010]). For the reasons
that follow, and without expressing any view as to the merits of
Supreme Court's decision, we conclude that the People have a
right to appeal the dismissal of the indictments. We therefore
reverse the Appellate Division order and remit the case to that
court for consideration of the merits of the People's appeal.

Historically, the People "were authorized, in general terms, to
appeal to an intermediate appellate court from any order
dismissing an indictment on any ground other than insuffi-
ciency of the evidence at trial" (*People v Coppa*, 45 NY2d 244,
249 [1978]). The availability of a People's appeal from the dis-
missal of an indictment has since been circumscribed by statute
and is now governed by Criminal Procedure Law § 450.20 (*see
People v Dunn*, 4 NY3d 495, 497 [2005]; *see also People v Laing*,
79 NY2d 166, 170 [1992] [recognizing "the Legislature's policy
prerogative to limit appellate proliferation in criminal matters"
(internal quotation marks omitted)]). Under that provision, as
relevant here, the People have a right to appeal from "[a]n or-
der dismissing an accusatory instrument or a count thereof,

entered pursuant to section 170.30, 170.50 or 210.20, or an order terminating a prosecution pursuant to subdivision four of section 180.85" (CPL 450.20 [1]), and we will not resort to "interpretative contrivances to broaden the scope" of CPL 450.20 (*Laing*, 79 NY2d at 170-171; *see People v Hernandez*, 98 NY2d 8, 10 [2002]).

Here, neither Supreme Court's order dismissing the indictments nor its otherwise comprehensive discussion on the record with counsel as to how it should address the *Brady* violation unequivocally states on what authority Supreme Court relied in dismissing the indictments. However, in context, it is clear that Supreme Court premised the dismissal of the indictments on the language of CPL 240.70. A court faced with a party's discovery violation is empowered by CPL 240.70 to take a number of actions, including ordering the noncompliant party "to permit discovery of the property not previously disclosed, grant a continuance, issue a protective order, prohibit the introduction of certain evidence or the calling of certain witnesses or take any other appropriate action" (CPL 240.70 [1]). In its discussions with counsel on the record, Supreme Court referred to CPL 240.70, and it appears Supreme Court concluded that it had the power to dismiss the indictments under the "any other appropriate action" language of CPL 240.70 (1).

The Legislature, however, provided the grounds upon which Supreme Court may dismiss an indictment in a different section of the Criminal Procedure Law, section 210.20. That provision provides that "[a]fter arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof" upon a series of enumerated grounds (*see* CPL 210.20 [1] [a]-[i]).

The People do not argue that Supreme Court lacked the power to dismiss these indictments (*see Dunn*, 4 NY3d at 497 [recognizing that "the People may seek a writ of prohibition in a CPLR article 78 proceeding when a trial court clearly acts in excess of its authorized powers and there is no adequate remedy at law," such as a direct appeal, "to address the People's grievance" (internal quotation marks omitted)]). Rather, the parties disagree as to whether Supreme Court's power to dismiss these indictments springs exclusively from CPL 240.70 (the discovery sanctions provision of the CPL). Defendants argue that it does, but the People argue that the dismissal power arises either from CPL 210.20 (the provision listing the grounds upon which a court may dismiss an indictment) alone or from reading CPL

240.70 and 210.20 together. Whether resort to CPL 210.20 is necessary is determinative of the question of whether the People have a right to appeal because, simply put, CPL 210.20 is listed in CPL 450.20 (1), while CPL 240.70 is not among the provisions listed in CPL 450.20. We agree with the People that Supreme Court's power to dismiss these indictments emanates from CPL 210.20. Thus, the People have the right to appeal Supreme Court's order dismissing the indictments.

CPL 210.20's catchall provision, CPL 210.20 (1) (h), empowers a court to dismiss an indictment when "[t]here exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged." The catchall language of CPL 240.70 (1) ("or take any other appropriate action") allows Supreme Court to exercise any other power it possesses in fashioning an appropriate remedy for a discovery violation, but it does not, in and of itself, empower Supreme Court to dismiss an indictment. As the People argue, resort to CPL 210.20 (1) (h) was necessary to effectuate dismissal.

But, defendants protest, Supreme Court never referred to CPL 210.20 (1) (h) in its written order or in its discussions with counsel on the record, thus it must be assumed that Supreme Court acted solely pursuant to CPL 240.70 in remedying the *Brady* violation. We cannot agree.

First, under defendants' argument, a court could effectively insulate its own dismissal of an indictment from appellate review simply by stating erroneously that it acted in reliance on a statutory provision not listed in CPL 450.20. The absurdity of such a result is obvious (*see generally People v D'Alessandro*, 13 NY3d 216, 218-219 [2009], citing *People v Giles*, 73 NY2d 666, 669-670 [1989]).[1]

Second, although Supreme Court did not expressly refer to CPL 210.20 (1) (h), it is clear that the import of its order fell squarely within its terms. Supreme Court stressed in thorough discussions with counsel on the record that the magnitude of the *Brady* violation here, in the court's view, was such that it would be impossible for the defendants to receive a fair trial.

---

1. Here, there is no suggestion that Supreme Court sought to shield its order from appellate review. Indeed, immediately after Supreme Court orally announced its decision to dismiss the indictments, the record reflects that the court presumed that its order would be the subject of an appeal; it was only after additional discussion with counsel that Supreme Court learned that defendants took a different view and believed that the People could not take an appeal.

Supreme Court struggled to fashion a remedy for the violation and engaged the People and defense counsel in that effort, but it ultimately concluded that it had no choice but to dismiss the indictments, with prejudice. The *Brady* violation, therefore, in Supreme Court's view, became a "legal impediment to conviction" within the meaning of CPL 210.20 (1) (h) (*see* Commission Staff Notes, reprinted following NY CLS, CPL 210.20, Book 7C, at 171 [describing CPL 210.20 (1) (h) as a "dragnet provision" designed as such given "the impossibility of specifying every kind of contention which may properly be raised in an attack upon an indictment"]).

Our conclusion that the People have a right to appeal the dismissal of the indictments here is not contrary to our decision in *People v Hernandez* (98 NY2d 8 [2002]), where we determined that the order dismissing the accusatory instrument there could not be appealed. In fact, *Hernandez* may be usefully distinguished. There, the defendant was subjected to a warrantless arrest and was charged in a misdemeanor complaint with consuming alcohol in public. The dismissal of the complaint was made pursuant to CPL 140.45, which "requires dismissal when an accusatory instrument filed pursuant to warrantless arrest provisions is facially insufficient" and the court determines that it would be impossible, on the basis of the known facts, to draft a sufficient accusatory instrument (*Hernandez*, 98 NY2d at 10; CPL 140.45). Thus, contrary to the discovery sanctions provision at issue here (CPL 240.70), CPL 140.45 itself empowered the court to dismiss the accusatory instrument under certain circumstances. Given that express legislative grant of power, coupled with the Legislature's omission of CPL 140.45 from the provisions listed in CPL 450.20, we found the People had no right to appeal.[2] The same cannot be said here. The Legislature empowered Supreme Court to take "appropriate action" in

---

2. We explained in *Hernandez*, too, that the legislative rationale behind not providing the People with an appeal in those circumstances is clear:

> "As the legislative history of CPL 140.45 explains, in a case of an arrest under a warrant, the information or felony complaint underlying the warrant is filed with, and examined for sufficiency by, a local criminal court before the arrest, whereas, when an arrest is made without a warrant, since the arraignment is the court's first opportunity to examine it, it should have the power to reject it on that occasion" (98 NY2d at 10 [internal quotation marks omitted]).

No analogous principle animates the Legislature's language in CPL 240.70 (1) allowing a trial court to take "appropriate action" in the face of a discovery violation.

addressing a discovery violation under CPL 240.70, but, unlike CPL 140.45, there is no express grant of dismissal power in CPL 240.70.

The impossibility of a fair trial created, in Supreme Court's view, by the *Brady* violation presented a "legal impediment to conviction" within the meaning of CPL 210.20 (1) (h). Thus, Supreme Court's order was issued pursuant to CPL 210.20, and, as CPL 210.20 is among the provisions listed in CPL 450.20 (1), the People may take an appeal of the dismissal order to the Appellate Division.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for consideration of the merits of the appeal.

JONES, J. (dissenting). Criminal Procedure Law § 450.20 (1) authorizes the People to take an appeal as of right from "[a]n order dismissing an accusatory instrument . . . entered pursuant to section 170.30, 170.50 or 210.20." Until now, this Court has consistently held that "[n]o appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (*People v Dunn*, 4 NY3d 495, 497 [2005]; *see also People v Hernandez*, 98 NY2d 8, 10 [2002]; *People v Stevens*, 91 NY2d 270, 278 [1998]).

In *Dunn*, Supreme Court purported to dismiss an indictment under Judiciary Law § 2-b (3), a statute not mentioned in CPL 450.20's grant of appellate jurisdiction. The court's power to dismiss under that Judiciary Law section was questionable at best, and the People argued that the order "should be deemed to have been made pursuant to CPL 330.30," and thus appealable (*Dunn*, 4 NY3d at 497). We affirmed the Appellate Division's dismissal of the appeal, repeating declarations made in both *Hernandez* and *People v Laing* (79 NY2d 166, 170-171 [1992]): "we will not resort to interpretative contrivances to broaden the scope and application of CPL 450.20" (4 NY3d at 497 [internal quotation marks omitted]).

Notwithstanding the almost identical argument in *Dunn*, the majority now holds that Supreme Court did not have the power to dismiss an indictment under CPL 240.70, and therefore it must have dismissed under CPL 210.20, making the dismissal appealable. The majority does so without distinguishing *Dunn* or explaining why the Court does not follow that rule here. Despite this Court's jurisprudence, the majority converts indictments dismissed under CPL 240.70 into indictments dismissed

under CPL 210.20 so that an appeal may be taken by the People pursuant to CPL 450.20. As a result, rather than "constru[ing the] clear and unambiguous statutes as enacted," the majority's interpretation clearly "broaden[s] the scope and application of" CPL 450.20 (*Laing*, 79 NY2d at 170-171).

Here, Supreme Court dismissed the indictments pursuant to CPL 240.70, penalizing the People for a discovery violation. CPL 240.70 is not specifically enumerated in section 450.20. Because there is no express statutory authority for the People's appeal from an order dismissing accusatory instruments pursuant to section 240.70, the People have no right to appeal under CPL 450.20 (*see Hernandez*, 98 NY2d at 10; *Laing*, 79 NY2d at 170).

Accordingly, I dissent and would vote to affirm the Appellate Division order.

Judges CIPARICK, GRAFFEO, READ and PIGOTT concur with Chief Judge LIPPMAN; Judge JONES dissents and votes to affirm in a separate opinion in which Judge SMITH concurs.

Order reversed, etc.