[971 NE2d 347, 948 NYS2d 217]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE PAGAN, Appellant.

Argued April 26, 2012; decided June 5, 2012

## POINTS OF COUNSEL

*Legal Aid Society*, New York City (*Steven B. Wasserman* and *Steven Banks* of counsel), for appellant. I. The Court has jurisdiction to hear this appeal. (*People v Hernandez*, 98 NY2d 8; *People v Stevens*, 91 NY2d 270; *People v Hale*, 93 NY2d 454; *People v Nieves*, 2 NY3d 310.) II. The sentencing court exceeded its statutory authority to order searches of a probationer's home, by subjecting a compliant probationer to routine searches of his home during home visits. (*People v Hale*, 93 NY2d 454; *Griffin v Wisconsin*, 483 US 868; *United States v Newton*, 369 F3d 659; *People v Jackson*, 46 NY2d 171; *Morrissey v Brewer*, 408 US 471; *People v Suttell*, 109 AD2d 249; *People v Brown*, 114 AD2d 1035; *People v Hutchinson*, 4 Misc 3d 1005[A], 2004 NY Slip Op 50720[U]; *People v Huntley*, 43 NY2d 175; *District of Columbia v Heller*, 554 US 570.)

*Michael A. Cardozo, Corporation Counsel*, New York City (*Karen Griffin, Leonard Koerner* and *Stephen J. McGrath* of counsel), for respondent. The order of Supreme Court enlarging the conditions of defendant's sentence to authorize home searches in connection with home visits by the Department of Probation was properly affirmed by the Appellate Division. (*People v Hale*, 93 NY2d 454; *People v Rodney E.*, 77 NY2d 672; *Griffin v Wisconsin*, 483 US 868; *People v McNair*, 87 NY2d 772; *People v Jackson*, 46 NY2d 171; *United States v Germosen*, 139 F3d 120, 525 US 1083.)

## OPINION OF THE COURT

GRAFFEO, J.

The threshold question before us is whether a defendant can appeal from an order modifying the conditions of a sentence of probation. We conclude that such an appeal is not authorized by the Criminal Procedure Law. Instead, judicial review must be sought in a CPLR article 78 proceeding.

Defendant Jorge Pagan pleaded guilty to one count of criminal possession of a weapon in the third degree. Pursuant to a

plea agreement, defendant was sentenced in June 2008 to six months in jail and five years of probation. More than three months later, the New York City Department of Probation applied to the court to enlarge the conditions of defendant's probation under CPL 410.20 so as to authorize searches of defendant's home during his probationary term. Defendant opposed the application, asserting that the court lacked the authority to modify the conditions of probation to include warrantless home searches.

In January 2009, Supreme Court granted the application to the extent of modifying the conditions of probation to permit the Department of Probation to conduct sporadic "knock and announce" searches of defendant's home at reasonable hours when he was present. Without addressing appealability, a divided Appellate Division affirmed (76 AD3d 414 [1st Dept 2010]). One of the dissenting Justices granted defendant leave to appeal, and we now reverse.

It is well established that "[n]o appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (*People v Dunn*, 4 NY3d 495, 497 [2005] [internal quotation marks and citation omitted]; *see also People v De Jesus*, 54 NY2d 447, 449 [1981]). We have emphasized that criminal appeals are thereby "limited" (*People v Bautista*, 7 NY3d 838, 839 [2006]), and that "[c]ourts must construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to broaden the scope and application of statutes. This is especially so in one of the most highly structured and highly particularized articles of procedure—appeals" (*People v Hernandez*, 98 NY2d 8, 10 [2002] [internal quotation marks and citation omitted]).

CPL article 450 governs the appealability of orders in criminal proceedings. Analysis begins with CPL 450.10, which "codifies a criminal defendant's common-law right to appeal to an intermediate appellate court" (*People v Ventura*, 17 NY3d 675, 679 [2011]). As relevant to this case, CPL 450.10 (2) allows a defendant to appeal from a "sentence" as prescribed by CPL 450.30 (1). CPL 450.30 (1), in turn, provides that a defendant may appeal from a sentence on the basis that it is "invalid as a matter of law" or "harsh or excessive."

Significantly, CPL 450.30 (3) further specifies that an appeal from a sentence pursuant to CPL 450.10 (2) can have only one of two meanings. First, an appeal lies from "the sentence

originally imposed" (CPL 450.30 [3]). Alternatively, a defendant may appeal from "a resentence following an order vacating the original sentence" (*id.*). Hence, an appeal predicated on CPL 450.10 (2) that is not taken from either a sentence or a resentence must be dismissed (*see De Jesus*, 54 NY2d at 449).

In this case, the January 2009 order modifying the conditions of defendant's sentence of probation does not fit either of these statutory categories. It was not the sentence originally imposed in June 2008. Nor did the court "vacat[e] the original sentence" and impose a resentence in January 2009. Rather, the court altered the conditions of probation pursuant to CPL 410.20 (1), which authorizes a court to "modify or enlarge the conditions of a sentence of probation." Because the January 2009 modification order was not a "sentence" within the meaning of CPL 450.30 (3), there is no statutory basis for defendant to pursue an appeal.

Recognizing this obstacle, defendant would have us treat the January 2009 modification order as if it were a resentence even though the court never "vacat[ed] the original sentence" as required by CPL 450.30 (3). In contrast, the dissent views the modification to be "part of the original sentence" (dissenting op at 372). But, as we have indicated, we cannot apply a more expansive interpretation just because we think it is a good idea, "especially when an adequate legal remedy aside from a direct appeal [is] available" (*Dunn*, 4 NY3d at 497; *see also People v Laing*, 79 NY2d 166, 170-171 [1992]). Here, defendant could have brought a CPLR article 78 proceeding in the nature of prohibition to challenge the modification of the conditions of his sentence of probation on the ground that the court lacked the power to modify as it did (*see Matter of Pirro v Angiolillo*, 89 NY2d 351, 359 [1996]). Consequently, the proper vehicle to have challenged Supreme Court's January 2009 modification order was an article 78 proceeding, not a direct appeal.

Finally, because the Appellate Division, like us, lacked jurisdiction to entertain defendant's appeal, we remit to that Court for dismissal of the appeal (*see People v Joseph R.*, 17 NY3d 767, 768 [2011]; *People v Jian Jing Huang*, 1 NY3d 532, 533-534 [2003]).

Accordingly, the order of the Appellate Division should be reversed and the case remitted to that Court, with directions to dismiss the appeal taken to that Court.                    ·

SMITH, J. (dissenting). The majority has given a literalistic reading to CPL 450.30 (3), producing a convoluted rule the

Legislature could not possibly have intended: A defendant can appeal from his sentence when it is first imposed, and if it is vacated he can appeal from a resentence; but if, without being vacated, it is modified in a way unfavorable to him, he has no right to appeal. No party urged this reading of the statute on the court; and the majority suggests no reason why its result makes sense, but evidently believes that result to be compelled by the statutory text. I disagree.

The language in the statute that the majority finds decisive is: "An appeal from a sentence . . . means an appeal from either the sentence originally imposed or from a resentence following an order vacating the original sentence." This case involves an order modifying but not vacating the original sentence and therefore, the majority says, falls between the two possibilities, into a no-man's land the Legislature failed to provide for. The statute does not have to be read so mechanically.

The Legislature obviously thought, when it enacted the statute, that it had accounted for all the situations in which an appeal from a sentence would be necessary: to effectuate the Legislature's intention, we should read "the sentence originally imposed" to mean not only the sentence in its original form, but also in the modified form that results from a later order. Since the original sentence has not been vacated, the modified sentence is still "the sentence originally imposed." To the extent that a modification is unfavorable to the defendant, that part of the original sentence should be deemed "imposed" on the date of the modification.

I do not claim that mine is the only possible, or the most obvious, way to read the words of the statute. If I had any doubt about the Legislature's intention, I might acquiesce in the majority's more literal reading. But my reading is not linguistically impossible; and it is, I think, impossible to believe that the Legislature meant to deprive a defendant of any right of appeal when, like defendant here, he finds an unfavorable condition belatedly attached to his sentence.

Chief Judge LIPPMAN and Judges CIPARICK, READ and JONES concur with Judge GRAFFEO; Judge SMITH dissents in a separate opinion in which Judge PIGOTT concurs.

Order reversed, etc.