Egan Jr., J.
Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered June 1, 2012, which granted a motion by the St. Lawrence County Probation Department to modify the terms of defendant’s probation.
In full satisfaction of a multicount indictment, defendant pleaded guilty to attempted criminal sexual act in the second degree and, in January 2009, was sentenced to 120 days in the St. Lawrence County jail and 10 years of probation. Thereafter, in April 2012, the St. Lawrence County Probation Department moved to modify the conditions of defendant’s probation— specifically, the Department sought to add a condition limiting defendant’s Internet access in accordance with the provisions of the Electronic Security and Targeting of Online Predators Act (see L 2008, ch 67, § 7). County Court imposed the condition *1075 mandated by Penal Law § 65.10 (4-a) (b),* and defendant now appeals.
County Court’s June 2012 order modifying the conditions of defendant’s sentence of probation is not a “sentence” within the meaning of CPL 450.30 (3) (see People v Pagan, 19 NY3d 368, 370-371 [2012]) and, therefore, “there is no statutory basis for defendant to pursue an appeal” from that order (id. at 371). Rather, defendant should have commenced a CPLR article 78 proceeding in the nature of prohibition to challenge the modified conditions of her sentence of probation (see id.). As “[alp-peals in criminal cases are strictly limited to those authorized by statute” (People v Shire, 96 AD3d 1294, 1295 [2012] [internal quotation marks and citation omitted]), this Court lacks jurisdiction and defendant’s appeal must be dismissed (see People v Pagan, 19 NY3d at 371; People v Morgan, 70 AD3d 1356, 1357 [2010]).
Rose, J.P, McCarthy and Spain, JJ., concur. Ordered that the appeal is dismissed.

 As the subject provision was in effect at the time of defendant’s 2009 sentencing, it is unclear why this condition was not imposed in the first instance.