People v Backus (2022 NY Slip Op 03949)

People v Backus

2022 NY Slip Op 03949

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

112873
[*1]The People of the State of New York, Appellant,
v
Shelby A. Backus, Respondent.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Kristy L. Sprague, District Attorney, Elizabethtown (Kenneth P. Borden Jr. of counsel), for appellant.
Brandon E. Boutelle, Public Defender, Elizabethtown (Eric T. Weyand of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Essex County (Meyer, J.), entered June 1, 2021, which granted defendant's motion to withdraw her guilty plea and vacate the judgment convicting her of the crime of criminal possession of a controlled substance in the fifth degree.
In July 2018, defendant was charged with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, unlawful possession of marihuana and possession of controlled substances by ultimate users original container. Thereafter, defendant waived her right to indictment, consented to prosecution by superior court information and entered a plea of guilty to one count of criminal possession of a controlled substance in the fifth degree. Following the plea allocution, County Court inquired into defendant's eligibility for drug treatment court and indicated that it was possible, upon successful completion of the drug court treatment program, to vacate her conviction and reduce it to a misdemeanor. At sentencing, defendant confirmed that she had enrolled in the Essex County drug court treatment program and the court sentenced her to time served and a five-year term of probation.
In December 2020, defendant moved to withdraw her plea, vacate her felony conviction and allow her to plead guilty to a misdemeanor. The People opposed the motion. In March 2021, County Court granted defendant's motion, finding that the reduction in her conviction was a significant, if not primary, motivating factor in her decision to participate and complete the drug court treatment program. Moreover, the Court indicated that the legislative and executive branches recognized that minimizing the criminal sanction for drug and alcohol offenders who successfully complete treatment is both a significant motivating factor to treat one's addiction and an important public policy benefit (see CPL art 216). However, because the People would not consent to defendant pleading to a misdemeanor offense, County Court granted defendant's motion only to the extent of granting the withdrawal of defendant's guilty plea and vacating her conviction and sentence. The People appeal.
"It is well settled that no appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (People v Dunn, 4 NY3d 495, 497 [2005] [internal quotation marks, brackets and citation omitted]; see People v Reap, 68 AD2d 964, 965 [1979]). "CPL 450.20 delineates the instances in which the People may appeal as of right to an intermediate appellate court" (People v Laing, 79 NY2d 166, 170 [1992]; see People v Pagan, 19 NY3d 368, 370 [2012]). Here, judgment has not been entered. We find that County Court's order resolved to be a postsentence, prejudgment motion and no right to appeal lies under CPL 450.20 (see People v Jian Jing Huang, 1 NY3d 532, 534 [2003]). We "may not resort to interpretative contrivances to broaden the scope [*2]and application of [this] statute[]" (People v Hernandez, 98 NY2d 8, 10 [2002] [internal quotation marks and citations omitted]), as the Legislature's policy is "to limit appellate proliferation in criminal matters" (People v Laing, 79 NY2d at 170 [internal quotation marks and citation omitted]). "Absent a specific statute granting the People the right to appeal, . . . this Court is without jurisdiction to hear the appeal" (People v Dunn, 2 AD3d 747, 748 [2003], affd 4 NY3d 495 [2005]; see People v Doe, 170 AD2d 690, 691 [1991], lv dismissed 77 NY2d 956 [1991]). Accordingly, the appeal is dismissed (see People v Jian Jing Huang, 1 NY3d at 534; People v Moon, 257 App Div 1019, 1019 [1939]; People v Bradshaw, 253 App Div 405, 407 [1938]).
Aarons, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed.