People v Fleshman (2023 NY Slip Op 05557)

People v Fleshman

2023 NY Slip Op 05557

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

113627 113660 113661
[*1]The People of the State of New York, Appellant-Respondent,
v
John Fleshman, Respondent-Appellant.

Calendar Date:September 6, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for appellant-respondent.
Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for respondent-appellant.

Clark, J.P.
Cross-appeals from a judgment of the Supreme Court (Peter A. Lynch, J.), rendered August 26, 2020 in Albany County, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree, attempted rape in the second degree and promoting a sexual performance by a child as a sexually motivated felony.
In 2019, defendant became the subject of parallel federal and state investigations surrounding allegations that he had engaged in a series of online sex crimes involving multiple children under the age of 12. In the course of said investigation, law enforcement learned that defendant had also engaged in inappropriate conduct with a five-year-old child. Defendant was thereafter arrested. Defense counsel negotiated with the Albany County District Attorney, the US Attorney's office for the Northern District of New York and defendant's federal defense counsel and, in consultation with the victims and their families, a global disposition was reached resolving all potential charges. To effectuate such deal, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information (hereinafter SCI) charging him with sexual abuse in the first degree stemming from his abuse of the five-year-old child and a second SCI charging him with attempted rape in the second degree and promoting a sexual performance by a child as a sexually motivated felony. Defendant pleaded guilty to the three charges in the SCIs and waived his right to appeal, understanding that he would be sentenced to an aggregate prison term of 15 years — seven years for his conviction of sexual abuse in the first degree, three years for his conviction of attempted rape in the second degree and five years for his conviction of promoting a sexual performance by a child as a sexually motivated felony, to run consecutively — followed by an aggregate 10 years of postrelease supervision. The People represented that, in exchange, the US Attorney would forgo prosecuting defendant for his other online conduct involving minor children, thus allowing defendant to avoid significant criminal exposure. Supreme Court approved the plea, and the matter was adjourned for sentencing.
Following that appearance, defendant wavered about seeking to withdraw his plea. Defense counsel filed a motion to withdraw the plea but then withdrew the motion. As the result of a breakdown in defendant's relationship with defense counsel, Supreme Court appointed new defense counsel (hereinafter new counsel). At a subsequent appearance, the court indicated that information contained in the presentence investigation report (hereinafter PSI) regarding defendant's mental health and other diagnoses caused it to question whether the agreed-upon sentence was a just result. After extended discussion, Supreme Court declined to impose the agreed-upon sentence. The People and new counsel expressed concern that deviating from the agreed-upon sentence could cause the federal prosecution to proceed. [*2]However, Supreme Court adjourned the matter to allow the parties to explore an alternative resolution.
At the next appearance, the People reported that defendant's treating physician — the source of the diagnoses in the PSI — represented that defendant had multiple mental health diagnoses, but none that had any effect on his impulse control. According to the People, the physician explained that, although a particular neurological syndrome listed in the PSI was considered in the past, defendant had undergone testing and the syndrome had been ruled out. As a result, the People argued that said syndrome was erroneously included in the PSI. Despite urging by the People and new counsel to impose the agreed-upon sentence to ensure that federal prosecutors would be bound by the plea, Supreme Court indicated its intent to deviate from the agreed-upon sentence based upon defendant's mental health and other concerns. The People moved to withdraw the plea, defendant opposed the motion, and the court denied it. Supreme Court then sentenced defendant to the agreed-upon prison terms for each conviction but ordered that the sentence for the conviction of promoting a sexual performance by a child as a sexually motivated felony run concurrent to the other sentences imposed, resulting in an aggregate 10-year prison term followed by 10 years of postrelease supervision. The People appeal, and defendant cross-appeals.[FN1]
Initially, the People argue that Supreme Court erred in denying their motion to withdraw their consent to the plea agreement. After the parties reached a global resolution resolving the charges in the SCIs and all other uncharged state and federal crimes stemming from defendant's online conduct, Supreme Court expressed its intent to deviate from the agreed-upon aggregate 15-year prison term. While true that defendant pleaded guilty to the entirety of both SCIs — obviating the need for the People's consent to the plea (see CPL 220.10 [2]; compare CPL 220.10 [3], [4]) and leaving the sentence solely to the discretion of the court (see People v Farrar, 52 NY2d 302, 308 [1981]) — the reduced sentence fell outside the calculus of the parties' negotiations aimed at satisfying other uncharged crimes. We agree with the People that Supreme Court should have allowed them an opportunity to withdraw their consent to the waiver of indictment and, consequently, to the plea (see CPL 195.10 [1] [c]; People v Terry, 152 AD2d 822, 823 [3d Dept 1989]; cf. People v Gannon, 162 AD2d 818, 819 [3d Dept 1990]). As to the People's appeal being properly before us, "no appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (People v Dunn, 4 NY3d 495, 497 [2005] [internal quotation marks, brackets and citation omitted]; accord People v Pagan, 19 NY3d 368, 370 [2012]; People v Backus, 206 AD3d 1298, 1299 [3d Dept 2022]). As relevant here, the People's ability to appeal from "[a] sentence other than one of death" (CPL 450.20 [4]) [*3]is limited and "may be based only upon the ground that such sentence was invalid as a matter of law" (CPL 450.30 [2]). Although we share the concerns raised by the People, the sentences imposed were legal (see Penal Law §§ 70.45 [2-a] [a]; 70.80 [4] [a] [iii]), foreclosing the People's ability to appeal therefrom (see CPL 450.20 [4]; 450.30 [2]; People v Dunn, 4 NY3d at 497; People v Cosme, 80 NY2d 790, 792 [1992]).[FN2] Accordingly, the People's appeal must be dismissed.
Turning to defendant's cross-appeal, although we previously found the exact written waiver of appeal signed by defendant to be overly broad (see People v Greene, 207 AD3d 804, 805 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]; People v Vezequ, 205 AD3d 1138, 1138 [3d Dept 2022], lv denied 38 NY3d 1154 [2022]), Supreme Court's colloquy adequately cured that defect as it "made clear the distinction that some appellate review nonetheless survived" (People v Rodriguez, 217 AD3d 1012, 1013 [3d Dept 2023]; compare People v Thomas, 34 NY3d 545, 566 [2019]). As such, contrary to defendant's contention, we find that he knowingly, voluntarily and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]). Defendant is thus precluded from challenging the sentence as harsh and excessive (see People v Thomas, 34 NY3d at 559 n 2, People v Lopez, 6 NY3d at 255-256).
Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the People's appeal is dismissed.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant argues that the appeal waiver is invalid, that the sentence imposed is harsh and excessive and that the People lack the authority to appeal, but he does not challenge the validity of his plea or otherwise seek to withdraw it.

Footnote 2: Presented with such statutory constriction, a writ of prohibition sought through a timely CPLR article 78 proceeding could have provided the People with a legal pathway to challenge Supreme Court's actions of exceeding its authorized power (see People v Dunn, 4 NY3d at 497; People v Pagan, 19 NY3d at 371; see e.g. Matter of Hussain v Lynch, 215 AD3d 121, 128 [3d Dept 2023]).