People v Picart (2025 NY Slip Op 06733)

People v Picart

2025 NY Slip Op 06733

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-04129
 (Ind. No. 72674/21)

[*1]The People of the State of New York, respondent,
v
Joe Picart, appellant.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel; Darci Wen Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heidi C. Cesare, J.), rendered May 24, 2022, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt, here, the court mentioned that the appeal waiver was a condition of the plea agreement prior to the defendant's plea of guilty and admission of guilt (see People v Howard, 240 AD3d 513, 514; People v Velazquez, 235 AD3d 664, 665). Moreover, the defendant acknowledged, inter alia, that he understood the appeal waiver and had discussed it with his attorney, and he executed a written waiver of appeal which he affirmed he had read and reviewed with his attorney (see People v Ramos, 7 NY3d 737, 738). The defendant's valid waiver of his right to appeal precludes appellate review of his claim that the indictment charging him with Penal Law §§ 265.01-b and 265.01(1) is defective because the statutes, as applied, are violative of the Privileges and Immunities Clause (see People v Richards, 238 AD3d 1176, 1176; People v White, 234 AD3d 884, 885), as well as his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 253).
The defendant's challenge to a subsequent order modifying the conditions of probation is not properly before us on this appeal (see CPL 450.30[3]; People v Pagan, 19 NY3d 368, 370).
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court